# UNITED STATES DISTRICT COURT
## District of Kansas

UNITED STATES OF AMERICA,

      **Plaintiff,**

      **v.**                           **Case No.   15-40030-CM**

**JOHN T. BOOKER, Jr.,**

      **Defendant.**

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR CONTINUANCE

APPEARS NOW the United States of America, by and through Anthony W. Mattivi, Assistant United States Attorney for the District of Kansas, and David C. Smith and Rebecca Magnone, Trial Attorneys, Counterterrorism Section of DOJ's National Security Division, and hereby responds to the defendant's Motion for Continuance of the Sentencing Hearing (Doc. 74), filed on March 21, 2017.

On February 3, 2016, the defendant entered a guilty plea to one count of Attempted Use of a Weapon of Mass Destruction, in violation of 18 U.S.C. § 2332a(a)(2)(D), and one count of Attempted Destruction of Government Property by Fire or Explosion, in violation of 18 U.S.C. § 844(f)(1).  The plea agreement was reached under Fed.R.Crim.P. 11(c)(1)(C) and, if accepted by

the Court, requires a controlling sentence of imprisonment for 360 months.  On May 13, 2016, the

Court held a hearing at which it determined the defendant required new counsel.  Defendant's

present counsel was appointed three days later, on May 16, 2016.

The Pre-Sentence Investigation Report (PSR) was disclosed to the parties on November

18, 2016.  The eight-month interval between the entry of the defendant's plea and filing of the

PSR was due in part to defendant's new counsel making certain the defendant had received

effective assistance of counsel and ensuring that the defendant's plea was voluntary before the

defendant submitted to the interview.

The government has not filed any objections to the PSR, nor does it intend to.  The

defendant's deadline for filing objections was December 6, 2016.  The defendant sought and

received an extension to December 20, 2016.  On December 20, 2016, the defendant sought

another extension to file objections until January 9, 2017, which was granted by the court over the

government's objection.

The defendant requested and received two prior extensions to file objections to his PSR.

On January 9, 2017, the defendant emailed his objections to the PSR to the U.S. Probation

Officer, and the government responded to those objections on January 19, 2017.  On February 2,

2017, a revised PSR was filed with the Court noting the defendant's objections, and the

government's and U.S. Probation Officer's responses to those objections.

More than thirteen months have passed since the defendant entered his guilty plea, and

present counsel has been involved in the case for more than ten months.  Defendant's counsel

now seeks additional delay, asserting he is obligated to investigate a claim of ineffective

assistance of counsel and/or challenges to Mr. Booker entering a knowing and voluntary plea.

The government objects to any further delay in these proceedings.  The defendant has claimed ineffective assistance of counsel and involuntariness of his plea since the time of his plea. Indeed, these claims are the very reason new counsel was appointed to represent the defendant in May 2016.  These claims could have, and in fact should have been investigated during the last ten months counsel has represented Mr. Booker.  The government is aware of no information relevant to the defendant's plea or sentence that has not been available (to the defendant, even if not to his counsel) for many months now.  The government respectfully submits that allowing the defendant to continue to rehash these issues, especially at the eleventh hour, is nothing more than a waste of judicial and prosecutorial resources.

According to Fed. R. Crim. P. 32(b)(1), "The court must impose sentence without unnecessary delay."  Here, the defendant requests yet another continuance, this time to investigate issues that could and should have been addressed long ago, and that formed the basis of the appointment of new counsel in the first place.  The government submits this request should be denied and the defendant's sentencing should proceed as scheduled.

Respectfully submitted,

THOMAS E. BEALL
United States Attorney

/s/ *Anthony W. Mattivi*

Anthony W. Mattivi, # 17082
Assistant United States Attorney
District of Kansas
290 Carlson Federal Building
444 SE Quincy Street
Topeka, KS 66683
(785) 295-2850 (Office)
anthony.mattivi@usdoj.gov

3

/s/ *David C. Smith*

DAVID C. SMITH, # 18316
Trial Attorney
Counterterrorism Section, National Security
     Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
(202) 353-3878 (Office)
David.Smith5@usdoj.gov


/s/ *Rebecca A. Magnone*

Rebecca A. Magnone, MA Bar #672299
Trial Attorney
Counterterrorism Section, National Security
     Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
(202) 353-9472 (Office)
Rebecca.Magnone@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of March, 2017, I electronically filed the foregoing pleading with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record in the case.

/s/ *Anthony W. Mattivi*

Anthony W. Mattivi