1              UNITED STATES DISTRICT COURT
                  DISTRICT OF KANSAS
2

   UNITED STATES OF AMERICA,      Docket No. 15-40030-CM
3

      Plaintiff,                  Kansas City, Kansas
4                                 Date: 7/24/17

        v.
5

   JOHN T BOOKER,
6

      Defendant.
7   ....................

8                       TRANSCRIPT OF
                      SENTENCING HEARING
9         BEFORE THE HONORABLE CARLOS MURGUIA,
                UNITED STATES DISTRICT JUDGE.
10

   APPEARANCES:
11

   For the Plaintiff:    Anthony W Mattivi
12                        Asst US Attorney
                          290 US Courthouse
13                        444 SE Quincy
                          Topeka, KS 66683
14

                          Rebecca Magnone
15                        US Department of Justice
                          600 E Street NW
16                        Washington, DC  20004

17   For the Defendant:   Mark A Thomason
                          Attorney at Law
18                        929 Walnut Street, Suite 101
                          Kansas City, MO  64106
19

   Court Reporter:        Nancy Moroney Wiss, CSR, RMR, FCRR
20                        Official Court Reporter
                          558 US Courthouse
21                        500 State Avenue
                          Kansas City, KS  66101
22

   Proceedings recorded by machine shorthand, transcript
23   produced by computer-aided transcription.

24

25

13:39:23   1          THE COURT:  Give me a moment to set up.  Let
13:41:07   2   the record show we're here regarding Case
13:41:11   3   Number 15-40030.  It's a case entitled United States of
13:41:18   4   America versus John T Booker, Junior.  Parties please
13:41:22   5   enter their appearance.
13:41:23   6          MR. MATTIVI:  Good afternoon, Your Honor.
13:41:26   7   Tony Mattivi and Rebecca Magnone for the government.
13:41:30   8          MR. THOMASON:  Afternoon, Your Honor.  Mark
13:41:32   9   Thomason on behalf of Mr. Booker, Junior who appears in
13:41:35  10   person and in custody.
13:41:36  11          THE COURT:  Mr. Booker, we're here for your
13:41:38  12   sentencing hearing.  Since you may be asked to make some
13:41:40  13   statements to the court, at this time, I am going to ask
13:41:46  14   if you'll please stand and raise your right hand, and
13:41:48  15   get sworn in or affirmed to tell the truth.
13:41:51  16          (Defendant sworn.)
13:41:58  17          THE DEFENDANT:  I do.
13:41:59  18          THE COURT:  Thank you.  Please have a seat.
13:42:03  19   Mr. Booker, if you recall, back on February 3rd of 2016,
13:42:10  20   you appeared with your attorney, and at that time,
13:42:15  21   pursuant to a written 11 C 1 C plea agreement, you pled
13:42:21  22   guilty to Count 1 which charged you with attempted use
13:42:26  23   of a weapon of mass destruction.  It's a violation of 18
13:42:32  24   USC Section 2332 A, Paragraphs A 2 D, and you pled
13:42:41  25   guilty to Count 2, which charged you with attempted

13:42:46  1   destruction of government property by fire or explosion,

13:42:52  2   and that's in violation of 18 USC Section 844 F 1.  At

13:42:59  3   the time of your plea, the court informed you that prior

13:43:02  4   to you being sentenced, a presentence investigation

13:43:05  5   report would be completed.  I would let you know that I

13:43:11  6   have received the report.  In fact, there was a revised

13:43:14  7   report, and the court has reviewed the presentence

13:43:18  8   investigation report, and is now ready to proceed with

13:43:21  9   your sentencing.  In regards to the presentence

13:43:25  10  investigation report, has the government had an

13:43:29  11  opportunity to review the report?

13:43:30  12          MR. MATTIVI:  We have, Your Honor.

13:43:31  13          THE COURT:  And after review, are there any

13:43:34  14  challenges and/or objections to the report by the

13:43:37  15  government?

13:43:38  16          MR. MATTIVI:  None from the government, Your

13:43:40  17  Honor.

13:43:40  18          THE COURT:  Is the government moving for the

13:43:41  19  additional one level adjustment for acceptance of

13:43:44  20  responsibility?

13:43:45  21          MR. MATTIVI:  Yes, Your Honor.

13:43:46  22          THE COURT:  So granted.  In regards to the

13:43:50  23  presentence investigation report, Mr. Thomason, have you

13:43:55  24  had an opportunity to review the report with your

13:43:58  25  client?

13:43:59   1          MR. THOMASON:  I have, Your Honor.

13:44:00   2          THE COURT:  And during your review, did you

13:44:02   3   inform him of the contents of the report?

13:44:05   4          MR. THOMASON:  We did, Your Honor.  We went

13:44:07   5   through each paragraph.

13:44:08   6          THE COURT:  Did you also inform him of the

13:44:10   7   possible sentencing outcomes or sentencing consequences

13:44:14   8   that could take place based on the information in the

13:44:16   9   report?

13:44:17   10          MR. THOMASON:  I have, Your Honor.

13:44:18   11          THE COURT:  Thank you.  Mr. Booker, in

13:44:21   12   regards to the presentence investigation report, I asked

13:44:25   13   your attorney some questions regarding the report, and I

13:44:29   14   asked him whether or not he had reviewed the report with

13:44:31   15   you, and he said he had.  Is that correct?

13:44:35   16          THE DEFENDANT:  Yes.

13:44:35   17          THE COURT:  And then I asked him whether or

13:44:39   18   not he had informed you of the contents of the report,

13:44:42   19   and again, he mentioned he had also done that as well.

13:44:46   20   Is that true?

13:44:47   21          THE DEFENDANT:  Yes.

13:44:47   22          THE COURT:  I also asked him whether or not

13:44:51   23   he had informed you of the possible sentencing outcomes

13:44:54   24   or sentencing consequences that could take place based

13:44:58   25   on the information in the report, and again, he

13:45:02  1    indicated he had done that as well.  Is that correct?

13:45:06  2                THE DEFENDANT:  Yes.

13:45:07  3                THE COURT:  At this time, the court is first

13:45:09  4    going to order that the presentence investigation report

13:45:13  5    be sealed, be made part of the record, be made available

13:45:16  6    for purpose of appeal, if any, in the future.  There

13:45:20  7    were objections that were filed on your behalf by your

13:45:24  8    attorney regarding the presentence investigation report.

13:45:28  9    They're set out in the addendum.  They're ten that were

13:45:32  10   listed.  For the record, what is the status of those

13:45:37  11   objections at this time, Mr. Thomason?

13:45:39  12               MR. THOMASON:  Your Honor, as it relates to

13:45:40  13   Objections 1 through 7, each of those are what I would

13:45:43  14   call factual objections that don't have an impact on the

13:45:47  15   sentencing guidelines or on the calculation, in this

13:45:51  16   case a binding plea agreement.  We do object to them.  I

13:45:55  17   think we've noted what our position is on each of those.

13:45:59  18   I do think it's clear under the case law, though, that

13:46:01  19   the court can either make a ruling on those or determine

13:46:03  20   that those don't affect sentencing, and therefore, no

13:46:06  21   ruling is necessary.  On objections, Your Honor, I think

13:46:10  22   8 through 10, those are objections regarding the

13:46:14  23   potential conditions of supervised release.  Our

13:46:20  24   objections are as they've stated.  I just think that in

13:46:23  25   some of those, they interfere with the defendant's right

| | | |
|---|---|---|
| 13:46:26 | 1 | to -- First Amendment rights and his right of religious |
| 13:46:29 | 2 | freedom, as well as on one of the objections, that it is |
| 13:46:33 | 3 | overly inclusive, and it infringes upon his rights, and |
| 13:46:37 | 4 | we would just stand on those objections. |
| 13:46:39 | 5 | THE COURT:  In regards to that, the court's |
| 13:46:42 | 6 | aware of the government's response in regards to these |
| 13:46:44 | 7 | objections, but is there anything else the government |
| 13:46:47 | 8 | intends to offer in regards to defendant's Objections 8, |
| 13:46:52 | 9 | 9, and 10? |
| 13:46:53 | 10 | MR. MATTIVI:  We have nothing to add beyond |
| 13:46:55 | 11 | what's in the papers, Your Honor. |
| 13:46:56 | 12 | THE COURT:  Unless there's anything else |
| 13:46:58 | 13 | that either party wishes to present to the court |
| 13:47:00 | 14 | regarding the objections that were listed in the |
| 13:47:04 | 15 | addendum, for the record, in regards to defendant's |
| 13:47:08 | 16 | Objections Number 1 through Number 7, the court has |
| 13:47:13 | 17 | reviewed those objections, as well as the government's |
| 13:47:16 | 18 | response, as well as on its own, the court has made an |
| 13:47:21 | 19 | independent review of the presentence investigation |
| 13:47:24 | 20 | report and the facts as set out in the report, as well |
| 13:47:30 | 21 | as an independent review of the law.  In regards to |
| 13:47:33 | 22 | those Objections 1 through 7, the court would agree with |
| 13:47:39 | 23 | defendant in regards to the nature of those objections |
| 13:47:42 | 24 | being factual in relation to the descriptions that were |
| 13:47:46 | 25 | made in the presentence investigation report regarding |

| | | |
|---|---|---|
| 13:47:52 | 1 | certain comments or references to factual issues.  At |
| 13:47:59 | 2 | this time, the court for the record would state the |
| 13:48:03 | 3 | following.  For all of these objections, Objections 1 |
| 13:48:06 | 4 | through 7, the court's determination is the same.  These |
| 13:48:14 | 5 | objections do not have an impact on the guideline |
| 13:48:17 | 6 | calculations, and the court need not make a ruling on |
| 13:48:21 | 7 | these objections under Rule 32, 1, 3 B, because they |
| 13:48:29 | 8 | will not affect the sentence, and the court will not |
| 13:48:33 | 9 | consider them in sentencing.  In regards to defendant's |
| 13:48:39 | 10 | Objection Numbers 8, 9, and 10, those are objections to |
| 13:48:44 | 11 | special conditions that are being proposed for a term of |
| 13:48:50 | 12 | supervised release, and specifically, Paragraph 131 |
| 13:48:57 | 13 | where defendant argues that that special condition |
| 13:49:01 | 14 | infringes on his First Amendment rights and right to |
| 13:49:04 | 15 | religious freedom, Objection Number 9 having to do with |
| 13:49:09 | 16 | special condition in Paragraph 134, again, defendant |
| 13:49:14 | 17 | arguing that it infringes on his First Amendment rights |
| 13:49:18 | 18 | and his right of religious freedom, defendant's |
| 13:49:23 | 19 | Objection Number 10 is objecting to a special condition |
| 13:49:25 | 20 | of supervision involving Paragraph 135 which is a |
| 13:49:31 | 21 | condition involving polygraph testing.  In regards to |
| 13:49:36 | 22 | those objections, the court at this time is going to |
| 13:49:42 | 23 | wait until the court announces its proposed findings of |
| 13:49:46 | 24 | fact and tentative sentence, again, as these objections |
| 13:49:52 | 25 | do not impact guideline calculations.  At this time, the |

| | |
|---|---|
| 13:49:58 | 1 | court would make the following findings regarding the
| 13:50:02 | 2 | guidelines.  Again, based on the court's rulings up to
| 13:50:05 | 3 | this point as well as the presentence investigation
| 13:50:08 | 4 | report, the court would find that the total offense
| 13:50:12 | 5 | level under the guidelines would be a Total Offense
| 13:50:17 | 6 | Level 43, and with a criminal history category of six,
| 13:50:23 | 7 | that under the guidelines, the imprisonment range would
| 13:50:26 | 8 | be life imprisonment.  Any objection to those findings
| 13:50:34 | 9 | at this time by the government?
| 13:50:35 | 10 |            MR. MATTIVI:  No, Your Honor.
| 13:50:35 | 11 |            THE COURT:  By defendant?
| 13:50:37 | 12 |            MR. THOMASON:  No, Your Honor.
| 13:50:37 | 13 |            THE COURT:  The court is ready to continue
| 13:50:40 | 14 | with announcing its proposed findings of fact and
| 13:50:43 | 15 | tentative sentence.  Prior to doing so, the court is
| 13:50:48 | 16 | going to ask counsel to make any arguments or requests
| 13:50:52 | 17 | in regards to the sentence.  Since the court has all
| 13:50:56 | 18 | ready announced that under the guidelines, the
| 13:50:59 | 19 | imprisonment range would be life imprisonment, not only
| 13:51:03 | 20 | in this case, counsel, but in all cases where there's a
| 13:51:08 | 21 | request for a sentence that's different from the
| 13:51:12 | 22 | guideline range, the court is going to ask counsel to
| 13:51:16 | 23 | provide the court a basis for the court to give the
| 13:51:22 | 24 | sentence the parties are asking for, and generally, we
| 13:51:26 | 25 | usually begin with defendant.  Mr. Thomason.

| | | |
|---|---|---|
| 13:51:29 | 1 | MR. THOMASON:  Your Honor, if I may as well, |
| 13:51:32 | 2 | at some point, and it doesn't necessarily have to be |
| 13:51:34 | 3 | now, but I would like to make a record regarding the |
| 13:51:39 | 4 | investigation that I've done in this case.  As the |
| 13:51:42 | 5 | court's aware of, government's counsel's aware of, I was |
| 13:51:45 | 6 | not the original attorney appointed in this case.  I was |
| 13:51:48 | 7 | appointed after Muhammad had entered a guilty plea, and |
| 13:51:54 | 8 | I do want to make a record, because I know at some |
| 13:51:57 | 9 | point, the court is going to ask if there's any lawful |
| 13:51:59 | 10 | reason why the plea should not go forward.  I don't |
| 13:52:04 | 11 | think that the answer to that is, I don't know of the |
| 13:52:06 | 12 | lawful reason it shouldn't go forward, but I do have |
| 13:52:10 | 13 | concerns, Your Honor, regarding what my assessment is |
| 13:52:13 | 14 | and the instruction by my client, and so, I would like |
| 13:52:15 | 15 | to make a record of that.  So, if you want to do that |
| 13:52:18 | 16 | now, we can do that now, or we can wait and do that. |
| 13:52:21 | 17 | THE COURT:  Do it now please. |
| 13:52:22 | 18 | MR. THOMASON:  Your Honor, as the court's |
| 13:52:23 | 19 | aware of, I have gone through a number of investigative |
| 13:52:27 | 20 | procedures to determine whether or not there is a basis |
| 13:52:30 | 21 | in which Mr. Booker would be allowed, or would have an |
| 13:52:35 | 22 | authority to go forward to the court and ask to withdraw |
| 13:52:38 | 23 | his guilty plea, and that's primarily been based on the |
| 13:52:44 | 24 | acts of his prior attorneys and also the chief |
| 13:52:47 | 25 | investigator in that case.  I have reviewed |

| | | |
|---|---|---|
| 13:52:51 | 1 | approximately 20 hours of communications between Mr. |
| 13:52:57 | 2 | Booker and an investigator in that case, as well as Mr. |
| 13:53:00 | 3 | Booker has reviewed the entirety of those calls as well. |
| 13:53:05 | 4 | I've also interviewed Judge Joe Johnson, as well as |
| 13:53:10 | 5 | Cindy Johnson, and his prior attorneys, Kirk Redmond and |
| 13:53:14 | 6 | Melody Evans.  It is my opinion, Your Honor, that he |
| 13:53:17 | 7 | does have a basis that he could, if he so chose, present |
| 13:53:21 | 8 | something to the court to ask to have his plea |
| 13:53:27 | 9 | withdrawn.  Mr. Booker is aware of that.  We have |
| 13:53:29 | 10 | discussed that, and he has instructed me that he does |
| 13:53:32 | 11 | not wish me to present that.  I say that, Your Honor, |
| 13:53:37 | 12 | because I do think that it is important for the parties |
| 13:53:40 | 13 | to know and understand that, but also as a respect for |
| 13:53:43 | 14 | Mr. Booker, the reason for that is, is that he does not |
| 13:53:47 | 15 | believe that is in his best interests, and that he does |
| 13:53:50 | 16 | want to continue with the binding plea agreement as has |
| 13:53:54 | 17 | been laid out.  Your Honor, that would be the record |
| 13:53:56 | 18 | that I would make.  If the court wanted to inquire to |
| 13:53:59 | 19 | Mr. Booker, I think that would be permissible as well. |
| 13:54:04 | 20 | THE COURT:  Mr. Booker, did you hear what |
| 13:54:06 | 21 | Mr. Thomason said right now in regards to this? |
| 13:54:10 | 22 | THE DEFENDANT:  Yes, sir. |
| 13:54:10 | 23 | THE COURT:  And in regards to that, he |
| 13:54:13 | 24 | stated for the record the fact that he had made some |
| 13:54:18 | 25 | review in regards to what had all ready taken place, and |

13:54:21   1   also had an investigator also participate in that, spoke

13:54:26   2   to a number of individuals, and actually spoke with you,

13:54:30   3   and after that had taken place, he gave his thoughts as

13:54:34   4   to his belief as to whether or not there should have

13:54:38   5   been any further legal motions filed on your behalf.

13:54:43   6   Did you hear all that up to this point?

13:54:45   7              THE DEFENDANT:  Yes.

13:54:46   8              THE COURT:  And then he mentioned that even

13:54:48   9   after he's done that review, that after speaking with

13:54:52  10   you, it's been your choice that you have instructed him

13:54:58  11   just to proceed with the sentence -- the sentencing

13:55:01  12   hearing pursuant to the plea agreement that you entered

13:55:04  13   into with the government, and not file any further

13:55:07  14   motions.  Is that correct?

13:55:09  15              THE DEFENDANT:  Yes.

13:55:10  16              THE COURT:  Did anyone force you into doing

13:55:12  17   that?

13:55:13  18              THE DEFENDANT:  No.

13:55:14  19              THE COURT:  Are you telling the court you're

13:55:15  20   doing that of your own free will?

13:55:17  21              THE DEFENDANT:  Yes.

13:55:17  22              THE COURT:  Anything else in regards to our

13:55:20  23   record, Mr. Thomason?

13:55:21  24              MR. THOMASON:  No, Your Honor.

13:55:22  25              THE COURT:  At this time, again,

13:55:23  1   Mr. Thomason, this would be your opportunity to argue

13:55:26  2   for and/or request a sentence, and again, mindful what

13:55:31  3   the court said earlier, a sentence which would be

13:55:33  4   outside the guideline range.

13:55:35  5              MR. THOMASON:  Your Honor, under the terms

13:55:36  6   of the plea agreement, the parties had entered into as a

13:55:40  7   Rule 11 C 1 C binding plea agreement, it does not allow

13:55:44  8   for any other sentence to be asked for other than the

13:55:49  9   sentence that was negotiated.  That sentence was

13:55:52  10  360 months on Count 1, 240 months on Count 2, to run

13:55:57  11  concurrent, lifetime supervised release on Count 1,

13:56:01  12  three years on Count 2 to also run concurrent, no fine

13:56:05  13  or restitution, a $200 special assessment.  Your Honor,

13:56:10  14  in terms of the comments on Muhammad, I have worked with

13:56:16  15  Muhammad for about a year now, and I will tell the court

13:56:22  16  that my experience with him has been nothing but

13:56:26  17  pleasurable.  He has been nothing but respectful to me.

13:56:29  18  He has been completely honest from day one with me, but

13:56:32  19  not only has he been respectful to me, but he's also

13:56:36  20  been respectful to my paralegal, court staff that I have

13:56:41  21  work with me, and this is a tough case, Your Honor.

13:56:48  22  Muhammad's a young man.  He was 20 years old when these

13:56:51  23  crimes were committed.  He has really no criminal

13:56:55  24  history.  I understand he's a Category 6.  He's a

13:57:00  25  Category 6 because of the guidelines and enhancement

| | |
|---|---|
| 13:57:03 | 1 |
| 13:57:07 | 2 |
| 13:57:11 | 3 |
| 13:57:15 | 4 |
| 13:57:20 | 5 |
| 13:57:23 | 6 |
| 13:57:28 | 7 |
| 13:57:32 | 8 |
| 13:57:37 | 9 |
| 13:57:41 | 10 |
| 13:57:45 | 11 |
| 13:57:49 | 12 |
| 13:57:51 | 13 |
| 13:57:54 | 14 |
| 13:58:00 | 15 |
| 13:58:04 | 16 |
| 13:58:10 | 17 |
| 13:58:12 | 18 |
| 13:58:14 | 19 |
| 13:58:16 | 20 |
| 13:58:18 | 21 |
| 13:58:20 | 22 |
| 13:58:23 | 23 |
| 13:58:29 | 24 |
| 13:58:32 | 25 |

they apply for the terrorism enhancement, but his
contact with law enforcement had really been pretty much
non-existent most of his life.  It is a case, Your
Honor, in which, as an individual that suffers from some
mental health issues, it's an individual that has
suffered from abuse, both physical and emotional, and
also someone that really, for a large part of his life,
has -- has pretty much been alone.  He has strong
convictions about what he believes in.  I've actually
learned a lot about a lot of things from him.  He's a
really good writer, Your Honor.  He does have promise.
You know, it is the one thing that a 30-year sentence
does give -- he's a young man, and gives him the
opportunity to -- to do something.  I would ask the
court to follow the recommendations of the parties, and
sentence Muhammad to 30 years as required by the 11 C 1
C agreement, Your Honor.

          THE COURT:  Mr. Booker, is there anything
that you want to say on your behalf, or is there any
evidence that you want to offer in mitigation, which
means in lessening of your sentence?

          THE DEFENDANT:  Yes, Your Honor.  I have
something to say.  With the name of God, the most
gracious, the most merciful, let the record reflect that
I am a sovereign American national citizen of a sincere

13:58:37  1  nation, and I represent the Title 4 flag.  I am not a

13:58:39  2  corporation or a corporate entity as the court is

13:58:42  3  falsely portraying me as.  I am a free man with a living

13:58:45  4  soul.  I object to task hypothecation that is a piece of

13:58:56  5  assigned work or difficult undertaking.

13:58:57  6              THE COURT:  Mr. Booker, I am only asking you

13:58:59  7  to -- to slow down, not that you shouldn't say what

13:59:03  8  you're going to say, but when you speak that fast, we

13:59:07  9  can't take down what you're -- you're saying, and so, we

13:59:10  10  need to make a record, so, if you could go back like

13:59:13  11  about --

13:59:14  12              THE DEFENDANT:  With the name of God, the

13:59:15  13  most gracious.

13:59:16  14              THE COURT:  Go slow, please.  Just go real

13:59:18  15  slow.

13:59:18  16              THE DEFENDANT:  Let the record reflect that

13:59:20  17  I am a sovereign American national citizen of a sincere

13:59:23  18  nation, and I represent the Title 4 flag.  I am not a

13:59:27  19  corporation or a corporate entity as the court is

13:59:29  20  falsely portraying me as.  I am a free man with a living

13:59:32  21  soul.  I object to task hypothecation that is a piece of

13:59:36  22  assigned work or difficult undertaking pledged to a

13:59:39  23  creditor as security of the court and that the president

13:59:43  24  of the United States of America, Donald J Trump, the

13:59:46  25  former president of the United States, Barack Hussein

| | | |
|---|---|---|
| 13:59:50 | 1 | Obama, the US Government, the United States attorney |
| 13:59:52 | 2 | that is the prosecution, the United States District |
| 13:59:54 | 3 | Court for the District of Kansas, the FBI, the US |
| 13:59:59 | 4 | Marshal Service, the federal public defender, and CCA |
| 14:00:02 | 5 | Leavenworth Detention Center have induced me into |
| 14:00:05 | 6 | signing a loan settlement agreement through fraud and |
| 14:00:08 | 7 | deceit to steal my property and trust.  I object to all |
| 14:00:11 | 8 | illegal proceeds, past, present, and in the future.  I |
| 14:00:14 | 9 | would also like to state that I do not recognize none of |
| 14:00:17 | 10 | the above entities or corporations of having any |
| 14:00:19 | 11 | authority over me since they have no jurisdiction over |
| 14:00:22 | 12 | me, as the FBI and the US Government are actually |
| 14:00:25 | 13 | corporations according to the Title 16 Conservation |
| 14:00:28 | 14 | 12(A).  And I quote, a corporation does not confer |
| 14:00:30 | 15 | jurisdiction to capture or sentence a man criminally -- |
| 14:00:33 | 16 | THE COURT:  Would you please -- please slow |
| 14:00:34 | 17 | down?  Have him please slow down. |
| 14:00:37 | 18 | THE DEFENDANT:  A corporation does not |
| 14:00:38 | 19 | confer jurisdiction to capture or sentence a man |
| 14:00:40 | 20 | criminally, unquote, according to the United States |
| 14:00:42 | 21 | Commercial Code 9-102 (63) persons, and according to |
| 14:00:49 | 22 | fiction law, Title 28 Section 300215 (A), being that the |
| 14:00:53 | 23 | case, anything and everything pertaining to my case is |
| 14:00:56 | 24 | non-existent, and my incarceration is unlawful since |
| 14:01:00 | 25 | there is no real indictment at all.  I also object to |

14:01:02   1   and deem the United States District Court for the

14:01:04   2   District of Kansas incompetent for forcing and allowing

14:01:09   3   me to take an unlawful plea deal, forcing me into slave

14:01:15   4   labor, and persistently ignoring my complaints on this.

14:01:15   5   I request the president of the United States of America,

14:01:19   6   Donald J Trump, for immediate clemency for his crimes

14:01:19   7   and acts, and allowance of such crimes and acts by

14:01:19   8   others of deceit, fraudulence, injustice, bigotry,

14:01:30   9   torture, theft, and many others against me.  To

14:01:31   10  conclude, I ask Michael German, a fellow of the Brennan

14:01:35   11  Center for Justice, Daryl Johnson, a former analyst for

14:01:35   12  the Department of Homeland Security, Karen Greenberg,

14:01:35   13  Director of the Center on National Security at the

14:01:44   14  Fordham University School of Law in New York, Project

14:01:44   15  SALAM, Jesse Ventura, ex-Navy Seal, lead conspiracy

14:01:44   16  theorist and ex-governor, and Muslims or anyone else all

14:01:44   17  around the world to aid me in any way possible, and to

14:01:59   18  also speak on my behalf publicly or secretly,

14:02:02   19  collectively or individually on my behalf.  My prisoner

14:02:05   20  number 25124-031 and my current address is CCA

14:02:07   21  Leavenworth Detention Center, 100 Highway Terrace,

14:02:11   22  Leavenworth, Kansas, 66048.  And over all is Allah, whom

14:02:16   23  I depend on.

14:02:18   24              THE COURT:  Is there anything else you want

14:02:19   25  to say?

| | | |
|---|---|---|
| 14:02:22 | 1 | THE DEFENDANT:  No. |
| 14:02:23 | 2 | THE COURT:  Okay.  Any again, arguments |
| 14:02:27 | 3 | requests from the government regards to the sentence the |
| 14:02:30 | 4 | government is asking for the court to impose? |
| 14:02:32 | 5 | MR. MATTIVI:  Judge, as you know, both |
| 14:02:36 | 6 | parties benefit under some circumstances from a plea |
| 14:02:39 | 7 | agreement.  Here, in our view, on behalf of the |
| 14:02:42 | 8 | government, there are three main benefits to seeking an |
| 14:02:45 | 9 | 11 C 1 C plea.  As with any plea, a C 1 C plea brings |
| 14:02:51 | 10 | certainty to the sentencing process.  We thought that |
| 14:02:54 | 11 | was helpful in this case.  As with any case, a plea |
| 14:02:56 | 12 | agreement avoids a lengthy appeals process.  Obviously, |
| 14:02:59 | 13 | we thought that was applicable here.  The main factor in |
| 14:03:01 | 14 | the government's consideration in seeking a C 1 C plea, |
| 14:03:05 | 15 | though, that was slightly below the guideline range is, |
| 14:03:08 | 16 | although we believe the government has substantial |
| 14:03:11 | 17 | admissible evidence of the defendant's guilt, in this |
| 14:03:14 | 18 | particular case, a plea agreement allows the government |
| 14:03:17 | 19 | to avoid public disclosure of sensitive investigative |
| 14:03:21 | 20 | techniques that might have been used in a particular |
| 14:03:23 | 21 | case.  That was our primary reason for seeking the 11 C |
| 14:03:27 | 22 | 1 C in this case, Your Honor. |
| 14:03:29 | 23 | THE COURT:  Anything else, Mr. Thomason? |
| 14:03:31 | 24 | MR. THOMASON:  No, Your Honor. |
| 14:03:32 | 25 | THE COURT:  At this time the court is ready |

| | | |
|---|---|---|
| 14:03:54 | 1 | to announce its proposed findings of fact and tentative |
| 14:03:57 | 2 | sentence.  The court is required pursuant to 18 USC |
| 14:04:04 | 3 | Section 3553 A to impose a sentence that is sufficient |
| 14:04:08 | 4 | but not greater than necessary to comply with the |
| 14:04:12 | 5 | purposes of sentencing identified in 18 USC Section 3553 |
| 14:04:18 | 6 | A 2.  In determining the particular sentence to be |
| 14:04:23 | 7 | imposed, the court has considered the United States |
| 14:04:29 | 8 | Sentencing Guidelines, which promote uniformity in |
| 14:04:31 | 9 | sentencing, and assist the court in determining an |
| 14:04:35 | 10 | appropriate sentence by weighing the basic nature of the |
| 14:04:39 | 11 | offense as well as aggravating and mitigating factors. |
| 14:04:45 | 12 | The court notes the parties have entered into a plea |
| 14:04:49 | 13 | agreement pursuant to Rule 11 C 1 C of the Federal Rules |
| 14:04:53 | 14 | of Criminal Procedure.  The court has considered the |
| 14:04:58 | 15 | plea agreement, statements of the parties, and the |
| 14:05:01 | 16 | presentence investigation report.  After reviewing the |
| 14:05:06 | 17 | presentence report, the court finds that the sentencing |
| 14:05:10 | 18 | guidelines range of lifetime incarceration is correctly |
| 14:05:16 | 19 | calculated based on a total offense level of 43 and |
| 14:05:21 | 20 | criminal history category of 6.  Court has also |
| 14:05:27 | 21 | considered the nature and circumstances of the offense |
| 14:05:33 | 22 | and defendant's history and characteristics.  The |
| 14:05:42 | 23 | court's aware of the offense in regards to defendant's |
| 14:05:44 | 24 | conduct and actions in regards to what the charge was |
| 14:05:51 | 25 | regarding these actions and conduct.  Court's aware of |

14:05:56 1 defendant's communications in regards to his plans and
14:06:00 2 preparations in regards to carrying out his intended
14:06:07 3 goal.  The court believes in regards to this that
14:06:11 4 defendant's actions do show a great disregard for life,
14:06:16 5 and possible harm and injury to many innocent people.
14:06:23 6 The court is aware of defendant's background, his age,
14:06:30 7 his family status, his physical condition, his mental
14:06:35 8 health condition, his educational background, his
14:06:43 9 employment history.  Court does believe defendant would
14:06:49 10 benefit from further education and job training to
14:06:52 11 assist him when he is released into the community.
14:06:59 12 Court also believes defendant will benefit from mental
14:07:02 13 health programs.  Court would note defendant does not
14:07:06 14 have any criminal history.  However, based on the
14:07:11 15 offense of conviction, being a crime of violence related
14:07:15 16 to a crime of terrorism, the guidelines impose an
14:07:23 17 enhancement to a criminal history category of six.
14:07:27 18 After considering the above factors and the advisory
14:07:31 19 sentencing guidelines, and again, upon review of the
14:07:35 20 presentence investigation report which went into more
14:07:38 21 detail regarding what the court has all ready identified
14:07:40 22 as its review involving this offense, and defendant's
14:07:47 23 also personal background and history and
14:07:53 24 characteristics, the court at this time has decided to
14:07:58 25 sentence the defendant to a sentence that's outside the

| | | |
|---|---|---|
| 14:08:04 | 1 | guidelines.  Court is going to impose a variance |
| 14:08:09 | 2 | sentence, and finds that that variance sentence is |
| 14:08:16 | 3 | justified based on an 11 C 1 C plea agreement, as well |
| 14:08:21 | 4 | as the reasons that were given to the court in counsel's |
| 14:08:26 | 5 | arguments and statements earlier in this hearing.  As |
| 14:08:33 | 6 | recommended by both the government and defendant, the |
| 14:08:37 | 7 | court is going to sentence defendant to a term of |
| 14:08:40 | 8 | imprisonment for 360 months on Count 1 and 240 months in |
| 14:08:50 | 9 | Count 2 which will be concurrent to Count 1.  This term |
| 14:08:57 | 10 | of imprisonment shall be followed by lifetime supervised |
| 14:09:02 | 11 | release in Count 1 and three years supervised release on |
| 14:09:07 | 12 | Count 2.  These terms of supervision shall run |
| 14:09:12 | 13 | concurrently with each other.  The court believes that |
| 14:09:18 | 14 | such a sentence is sufficient but not greater than |
| 14:09:21 | 15 | necessary to reflect the seriousness of the offense, to |
| 14:09:27 | 16 | promote respect for the law, and provide just punishment |
| 14:09:30 | 17 | for the offense.  Further, the sentence should afford |
| 14:09:38 | 18 | adequate deterrence to criminal conduct and protect the |
| 14:09:40 | 19 | public from further crimes of the defendant.  The |
| 14:09:45 | 20 | supervised release term in addition to the imprisonment |
| 14:09:47 | 21 | sentence will allow defendant the opportunity to receive |
| 14:09:52 | 22 | correctional treatment in an effective manner, and will |
| 14:09:57 | 23 | assist with community re-integration.  Defendant is |
| 14:10:03 | 24 | ordered to pay a special assessment of $200 to the crime |
| 14:10:06 | 25 | victim's fund.  No fine is imposed due to defendant's |

14:10:12  1   inability to pay.  At this time, the court is going to

14:10:20  2   rule in regards to the objections to the special

14:10:24  3   conditions of supervision.  The court begins with

14:10:29  4   defendant's Objection Number 8 where defendant objects

14:10:32  5   to the special condition contained in Paragraph 131,

14:10:39  6   arguing that it infringes on his First Amendment rights

14:10:42  7   and right to religious freedom.  The court may order any

14:10:48  8   discretionary condition or other condition it considers

14:10:53  9   appropriate if such condition is reasonably related to

14:10:58 10   certain factors, involves no greater deprivation than

14:11:03 11   reasonably necessary, and is consistent with pertinent

14:11:08 12   policy statements issued by the sentencing commission

14:11:11 13   pursuant to 28 USC Section 994, Paragraph A.  Here, the

14:11:20 14   condition does not prohibit defendant from participating

14:11:25 15   in his Islam faith.  It only prohibits defendant from

14:11:31 16   participating in activities and associating with those

14:11:37 17   with anti-government agendas, including those in which

14:11:43 18   it is acceptable to carry out violence and mass murder

14:11:47 19   of those associated with the government or military.

14:11:52 20   The court believes this condition meets the factors of

14:11:56 21   sentencing, is necessary to meet the goals of supervised

14:12:00 22   release, and is necessary to ensure the safety of the

14:12:03 23   public.  The court overrules defendant's Objection

14:12:08 24   Number 8.  For his ninth objection, defendant objects to

14:12:12 25   the special condition in Paragraph 134.  Defendant

14:12:17  1  claims, again, that it infringes on his First Amendment
14:12:21  2  rights and his right of religious freedom.  For the same
14:12:26  3  reasons the court overruled Objection Number 8, the
14:12:30  4  court also overrules Objection Number 9.  In addition,
14:12:35  5  this condition is not unconstitutionally vague, because
14:12:41  6  a person of reasonable intelligence would have
14:12:45  7  sufficient notice as to the conduct prohibited as
14:12:52  8  extremist or terroristic in nature.  Regarding
14:12:59  9  defendant's Objection Number 10, defendant objects to
14:13:01 10  the special condition of supervision involving polygraph
14:13:05 11  testing in Paragraph 135.  Defendant argues the
14:13:10 12  condition is overly burdensome, is not an accurate
14:13:15 13  method of monitoring.  The court finds that this
14:13:19 14  condition involves no greater deprivation of liberty
14:13:24 15  than is reasonably necessary.  It is necessary to meet
14:13:29 16  the goals of supervised release, and necessary to ensure
14:13:33 17  the safety of the public.  The court overrules
14:13:38 18  defendant's tenth objection.  As a result, the court
14:13:42 19  intends to impose mandatory and special conditions of
14:13:44 20  supervision as set forth in Part D of the presentence
14:13:48 21  report.  The nature of the offense and history outlined
14:13:53 22  in the presentence report warrant the conditions for
14:13:55 23  substance abuse and mental health treatment, as well as
14:13:59 24  search of defendant's person or property based upon
14:14:03 25  reasonable suspicion of contraband or evidence of

14:14:07 1 violation of a condition of release. The nature of the
14:14:11 2 offense also warrants a condition of computer monitoring
14:14:14 3 by the US Probation Office. Again, the court also
14:14:20 4 believes in order to protect the community from further
14:14:24 5 crimes by defendant, it is necessary to prohibit him
14:14:27 6 from participating in any anti-government activities, or
14:14:33 7 associating with individuals who are known members of
14:14:35 8 these groups, or possessing any literature advocating or
14:14:38 9 supporting these groups. Based on defendant's support
14:14:43 10 of a known terrorist group, and his extreme actions and
14:14:49 11 attempts to commit Jihad in support of them, the court
14:14:53 12 feels it's necessary to prohibit defendant from
14:14:55 13 possessing, viewing or accessing material that reflects
14:14:59 14 extremist or terroristic views in order to protect the
14:15:04 15 public from further harm by defendant. It's also
14:15:09 16 necessary for the court to order the defendant submit to
14:15:13 17 period-- periodic polygraph testing throughout his
14:15:17 18 supervision in order to ensure defendant is complying
14:15:21 19 with his conditions and being honest with his probation
14:15:25 20 officer. Finally, the court believes that based on the
14:15:29 21 characteristics of defendant, specifically, his desires
14:15:33 22 to travel overseas to fight, and the nature of the
14:15:36 23 offense require the court to order defendant to
14:15:40 24 surrender any passport or travel documents and to
14:15:45 25 prohibit him from applying for any. Any objections to

| | | |
|---|---|---|
| 14:15:50 | 1 | the court's proposed findings of fact and tentative |
| 14:15:52 | 2 | sentence from the government? |
| 14:15:53 | 3 | MR. MATTIVI:  No, Your Honor. |
| 14:15:54 | 4 | THE COURT:  From defendant? |
| 14:15:55 | 5 | MR. THOMASON:  No, Your Honor, other than |
| 14:15:58 | 6 | the three we all ready objected to. |
| 14:16:00 | 7 | THE COURT:  And that's noted for the record |
| 14:16:01 | 8 | and preserved for the record.  Mr. Thomason, at this |
| 14:16:05 | 9 | time, if you would please stand as well as Mr. Booker. |
| 14:16:10 | 10 | Mr. Thomason, do you know of any lawful reason why the |
| 14:16:13 | 11 | court should not impose a sentence? |
| 14:16:15 | 12 | MR. THOMASON:  I do not, Your Honor. |
| 14:16:16 | 13 | THE COURT:  Mr. Booker, is there anything |
| 14:16:18 | 14 | that you want to say on your behalf, again, as well as |
| 14:16:22 | 15 | offer in mitigation, which means in lessening of your |
| 14:16:25 | 16 | sentence before the court imposes its final sentence? |
| 14:16:28 | 17 | THE DEFENDANT:  I mean, honestly, Your |
| 14:16:31 | 18 | Honor, I said it all, you know what I'm saying, I named |
| 14:16:34 | 19 | the laws.  You know, I guess you got it all on the |
| 14:16:37 | 20 | record.  Hopefully, you do.  And so Allah.  And then I |
| 14:16:40 | 21 | mean, like I said, this right here is what I got, and |
| 14:16:43 | 22 | doesn't seem like anybody's going to hear me or listen |
| 14:16:46 | 23 | to me.  So, you know what I'm saying.  I mean, I'm - |
| 14:16:49 | 24 | (Defendant spoke different language) - is what I |
| 14:16:50 | 25 | expected, but at least I got it on the record, and so, I |

14:16:53  1  told you guys what I felt and the truth of the matter,

14:16:56  2  but you know -- and so Allah, justice will be served

14:16:59  3  today, but I doubt it, because I read the thing, you

14:17:01  4  know what I'm saying, and so Allah, all those people

14:17:04  5  will help me, and so Allah, and we'll see the outcome,

14:17:07  6  and we know the injustice that's really going on, you

14:17:10  7  know, and you know, I nailed the coffin, but you know,

14:17:21  8  so Allah, help me from -- protect me from me.  I have

14:17:22  9  nothing much to say, so Allah, but I don't see how you

14:17:24  10 guys can, how do I say this, expect me to correct myself

14:17:29  11 in a prison full of criminal activity, and how this is

14:17:33  12 going to correct me when you're sending me to a place

14:17:36  13 that may even teach me how to be more violent.  How is

14:17:40  14 this going to correct me?  You know, this is a place

14:17:41  15 where people -- the rate of percentage of people coming

14:17:45  16 back is very high, you know what I'm saying.  You know,

14:17:48  17 this thought was this -- this -- this terrorist plot was

14:17:50  18 not something that I invented of my own will.  I mean,

14:17:53  19 they say I attempted to blow up a military base, but

14:17:56  20 they attempted to kill me, because if I went on that

14:17:59  21 base, and I'm going to the base, that the FBI or the

14:18:01  22 prosecution attempted to murder me, because if I went on

14:18:03  23 that base, and as the FBI agents put guns to my head, if

14:18:09  24 I went on a base and pulled out a weapon, I mean, if I

14:18:11  25 came in here and pulled out a weapon and put it to your

14:18:15  1   head, he would shoot me.  Okay, so, you mean to tell me
14:18:17  2   the FBI who give a fake weapon to go blow up a base
14:18:19  3   that are trained to kill people like me, so if I went on
14:18:22  4   that base, and they would have shot me, they would have
14:18:23  5   killed me over reasons that didn't even exist.  So,
14:18:26  6   who's the true attempted murderer here?  And so Allah.
14:18:30  7   You know what I'm saying?  You know, they don't
14:18:32  8   recognize my mental illness, nothing.  They forget about
14:18:34  9   all this.  And you know, (Defendant speaking another
14:18:38  10  language), I mean, it's the will of the law, Allah is
14:18:38  11  the king of all kings, you know.  So Allah.  So, if you
14:18:41  12  think sending me to a place where there's more people
14:18:44  13  like me, or violent people that may hurt me or something
14:18:46  14  is a just cause to protect an American that I pay my tax
14:18:50  15  money for you to protect me from, that you guys gave me
14:18:53  16  the access to get from these, quote, terrorists, if you
14:18:56  17  think that's the law, then entrapment, Allah, comes
14:18:59  18  around goes around, you know, because I feel like you
14:19:02  19  guys are hurting me and it's personal, because I used to
14:19:06  20  be a conspiracy theorist, this is the true reason why
14:19:08  21  you guys are coming after me.  So, I mean, they're not
14:19:11  22  really helping me, they're hurting me.  In one second
14:19:14  23  they're saying no mental illness, then one second
14:19:17  24  they're saying it's mental illness.  And if you think
14:19:22  25  I'm violent, why are you sending me to a place where I'm

| | | |
|---|---|---|
| 14:19:25 | 1 | going to be more violent, because I'm going to have to |
| 14:19:28 | 2 | protect myself any means possible because I'm a short |
| 14:19:33 | 3 | man, 5'4", 155 pounds.  I got to scrap like a rhino even |
| 14:19:35 | 4 | to get past to the chow hall.  So, if you think, you |
| 14:19:39 | 5 | know, sentencing me, someone who's angry, got nothing, |
| 14:19:40 | 6 | you know what I'm saying.  I was homeless.  You know, |
| 14:19:42 | 7 | you all picked me up, when you all picked me up, when |
| 14:19:45 | 8 | the FBI came and got me at Dillon's, I was working at a |
| 14:19:48 | 9 | grocery store eating bread and butter, nothing.  I was |
| 14:19:51 | 10 | eating nothing.  He had to pay for the storage unit.  I |
| 14:19:53 | 11 | didn't pay for nothing.  He had to pay for everything. |
| 14:19:55 | 12 | So, I don't see how me is committing attempted murder of |
| 14:19:59 | 13 | many civilians when it wasn't even real, and remember, |
| 14:20:02 | 14 | no one was hurt, and they're the ones that gave me the |
| 14:20:05 | 15 | fake weapon to go blow up a base that I could have got |
| 14:20:05 | 16 | killed over.  My thing is this, if they would have spent |
| 14:20:10 | 17 | the time and money to help a man, a young African |
| 14:20:13 | 18 | American like me, instead of trying to hurt me, I |
| 14:20:16 | 19 | guarantee you all wouldn't be here now.  I didn't know |
| 14:20:19 | 20 | nothing about ISIS until I met these people. |
| 14:20:21 | 21 | THE COURT:  Is there anything else that you |
| 14:20:22 | 22 | want to say, or is there any -- again, any evidence you |
| 14:20:25 | 23 | want to offer in mitigation of your sentence? |
| 14:20:27 | 24 | THE DEFENDANT:  All I got to say is, you |
| 14:20:30 | 25 | know, corporations are not further jurisdiction to |

14:20:33   1   capture and sentence a man criminally, and that's
14:20:36   2   according to the United States Commercial Code, and
14:20:38   3   nothing else.  I mean, I read what I had to read.  It
14:20:40   4   doesn't seem like anybody's listening to me, so, I hope
14:20:43   5   these people can help me, like I said, Allah is who I
14:20:47   6   depend on.
14:20:47   7          THE COURT:  I did listen to you.  I heard
14:20:50   8   everything you said, so, it's noted for the record as
14:20:53   9   well.  And I understand your feelings in regards to
14:20:57   10  what's happened in your case, as well as what you now
14:21:00   11  feel in regards to your situation.  So, I listened to
14:21:05   12  you, and I think I understand what you were telling the
14:21:07   13  court.  I would tell you in regards to these last
14:21:10   14  comments, again, if you're asking the court to
14:21:15   15  reconsider its sentence, I'll take what you said as that
14:21:19   16  being the reason why I should reconsider.  I've
14:21:23   17  considered it, and at this time, if it's a request to
14:21:27   18  reconsider, I'll deny it for the record.  But I know you
14:21:31   19  disagree with a lot of the things that have taken place,
14:21:34   20  and again, here in the courtroom today, you've had your
14:21:38   21  opportunity to say all that, and it's noted for the
14:21:40   22  record.  Again, Mr. Thomason, any other lawful reason
14:21:45   23  that you know why the court should not impose a sentence
14:21:47   24  at this time?
14:21:47   25         MR. THOMASON:  Your Honor, none that I'm

14:21:49  1   aware of.  It does -- I guess whenever he comments and

14:21:53  2   says that nobody's listening, I'm not sure if he's

14:21:56  3   speaking of me.  I don't think that's the case.  Mr.

14:22:01  4   Booker and I have had long conversations, many

14:22:03  5   conversations, but you know, I don't know if he's

14:22:06  6   alleging that I was somehow ineffective in his case in

14:22:10  7   his statements that he makes, but I'll let him comment

14:22:12  8   on that if that's the case, but that's all that comes to

14:22:15  9   mind when I hear those comments, Your Honor.

14:22:17  10          THE COURT:  Everything's been noted for the

14:22:20  11  record.  At this time, the court is ready to impose a

14:22:22  12  sentence.  The court determines that the presentence

14:22:25  13  investigation report and the previously stated findings

14:22:29  14  are accurate, and orders those findings to be

14:22:30  15  incorporated in the following sentence:  Pursuant to the

14:22:34  16  Sentencing Reform Act of 1984, it is the judgment of the

14:22:39  17  court, defendant John T Booker, Junior is hereby

14:22:42  18  sentenced to the custody of bureau of prisons for a term

14:22:45  19  of 360 months on Count 1 and 240 months on Count 2 --

14:22:51  20          (Defendant sat down.)

14:22:52  21          THE COURT:  -- concurrent to Count 1.  This

14:22:55  22  term of imprisonment shall be followed by lifetime

14:22:57  23  supervision in Count 1 and three years of supervised

14:23:01  24  release in Count 2.  These terms of supervised release

14:23:05  25  shall run concurrently with each other.  Within 72 hours

14:23:09   1   of release from the custody of bureau of prisons,
14:23:11   2   defendant shall report to the US Probation Office in the
14:23:15   3   district in which he is released.  While on supervised
14:23:17   4   release, defendant shall comply with the mandatory and
14:23:20   5   standard conditions adopted by this court, and the
14:23:24   6   special conditions of supervision as set forth in Part D
14:23:27   7   of the presentence report.  It is ordered defendant
14:23:31   8   shall pay United States a special assessment of $200 to
14:23:34   9   the crime victim's fund pursuant to 18 USC Section 3013.
14:23:41   10  Payment of the assessment is due immediately, and may be
14:23:44   11  satisfied while in the bureau of prisons' custody.  No
14:23:47   12  fine is imposed.  Both the government and defendant are
14:23:51   13  advised as to their respective rights to appeal this
14:23:55   14  sentence and conviction.  An appeal taken from this
14:23:57   15  sentence is subject to 18 USC Section 3742, and subject
14:24:03   16  to any waiver in the plea agreement in this case.
14:24:06   17  Defendant is advised of your right to appeal the
14:24:08   18  conviction and sentence, but only to the extent you've
14:24:11   19  not waived that right in the plea agreement.  You also
14:24:16   20  can lose your right to appeal if you do not timely file
14:24:18   21  a notice of appeal in the district court.  Rule 4 B of
14:24:21   22  the Federal Rules of Appellate Procedure gives you
14:24:25   23  14 days after the entry of judgment to file a notice of
14:24:28   24  appeal.  If you so request, the clerk of the court shall
14:24:33   25  immediately prepare and file a notice of appeal on your

14:24:36    1   behalf.  If you're unable to pay the costs of an appeal,
14:24:40    2   you have the right to apply for leave to appeal in forma
14:24:43    3   pauperis, which means without having to pay a filing
14:24:45    4   fee.  At this time, you are remanded to the custody of
14:24:50    5   the US Marshal Service pending designation by the bureau
14:24:53    6   of prisons.  Anything else from the government?
14:24:59    7           MR. MATTIVI:  Judge, at this time, pursuant
14:25:00    8   to the plea agreement, I think we need to ask you to
14:25:02    9   dismiss the complaint and the outstanding count of the
14:25:06   10   indictment which would be Count 3.
14:25:08   11           THE COURT:  So ordered.
14:25:10   12           MR. MATTIVI:  Nothing further from the
14:25:11   13   government, Judge.  Thank you.
14:25:17   14           THE COURT:  Anything else from defendant?
14:25:19   15           MR. THOMASON:  No, Your Honor.
14:25:19   16           THE COURT:  There was an outstanding motion
14:25:21   17   that was filed at one time regarding some activity or
14:25:26   18   alleged activity or conduct that was taking place where
14:25:28   19   he was being -- being held.  What document is it, Jeff?
14:25:39   20   May not have been filed by yourself.
14:25:42   21           MR. THOMASON:  I don't -- I don't -- I don't
14:25:43   22   know of an outstanding motion that's --
14:25:47   23           THE COURT:  Never mind.  I apologize.
14:25:49   24           MR. THOMASON:  Okay.
14:25:50   25           THE COURT:  If there's nothing else from

14:25:51    1    defendant, this hearing's adjourned.

14:25:54    2                (Whereupon, court recessed proceedings.)

14:26:05    3                THE COURT:   Court stands in recess.  People

14:26:06    4    are free to go.   Thank you.

14:26:09    5                (Whereupon, court recessed proceedings.)

            6

            7

            8

            9

           10

           11

           12

           13

           14

           15

           16

           17

           18

           19

           20

           21

           22

           23

           24

           25

1

2

3

4

5

6                    C E R T I F I C A T E

7

8

9      I, Nancy Moroney Wiss, a Certified Shorthand Reporter

10   and the regularly appointed, qualified and acting

11   official reporter of the United States District Court

12   for the District of Kansas, do hereby certify that as

13   such official reporter, I was present at and reported in

14   machine shorthand the above and foregoing proceedings.

15      I further certify that the foregoing transcript,

16   consisting of 33 typewritten pages, is a full, true, and

17   correct reproduction of my shorthand notes as reflected

18   by this transcript.

19      SIGNED August 8, 2017.

20

21                 S/_____

22                 Nancy Moroney Wiss, CSR, CM, FCRR

23

24

25