UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,        Docket No.15-40030-CM

    Plaintiff,                   Kansas City, Kansas
                                 Date: 2/3/16
     v.

JOHN T BOOKER,

    Defendant.
...................

                       TRANSCRIPT OF
                      CHANGE OF PLEA
           BEFORE THE HONORABLE CARLOS MURGUIA,
                UNITED STATES DISTRICT JUDGE.

APPEARANCES:

For the Plaintiff:    Anthony Mattivi & David Smith
                      Asst. US Attorneys
                      444 Se 6th Ave/500 State Avenue
                      Room 290/Room 360
                      Topeka, KS 66683/Kansas City, KS

For the Defendant:    Kirk Redmond
                      Asst. Federal Public Defender
                      425 S Kansas Avenue
                      Room 205
                      Topeka, KS  66603

Court Reporter:       Nancy Moroney Wiss, CSR, RMR, FCRR
                      Official Court Reporter
                      558 US Courthouse
                      500 State Avenue
                      Kansas City, KS  66101

Proceedings recorded by machine shorthand, transcript
produced by computer-aided transcription.

10:58:38  1          THE COURT:  Let the record show we're here

10:58:39  2   regarding Case Number 15-40030.  It's a case entitled

10:58:45  3   United States of America versus John T Booker.  The

10:58:48  4   parties please enter their appearance.

10:58:51  5          MR. MATTIVI:  Good morning, Your Honor.

10:58:52  6   Tony Mattivi and Dave Smith for the government.

10:58:55  7          MR. REDMOND:  Defendant personally with

10:58:56  8   counsel Kirk Redmond, Your Honor.

10:58:58  9          THE COURT:  We had scheduled our court

10:59:00  10  appearance for a change of plea hearing.  I'm going to

10:59:02  11  start, Mr. Redmond, with asking you, what is the status

10:59:05  12  of our court appearance?

10:59:06  13          MR. REDMOND:  We're ready to proceed, Your

10:59:08  14  Honor.

10:59:09  15          THE COURT:  Mr. Booker, that's what we have

10:59:11  16  scheduled this for.  Now, what I'll do, and again, it's

10:59:15  17  not my intent to unfairly surprise any of the parties,

10:59:19  18  but I did receive a correspondence from Mr. Booker,

10:59:23  19  which I've read, Mr. Booker.  If you recall, you sent

10:59:26  20  this to the court.  Mr. Redmond, I don't know if you're

10:59:31  21  aware of this or not.

10:59:36  22          (Defendant conferring with attorney off the

11:00:05  23          record.)

11:00:05  24          MR. REDMOND:  Thank you, Your Honor.  Sorry.

11:00:07  25  The -- I had to obtain a privilege waiver to be able to

| | | |
|---|---|---|
| 11:00:10 | 1 | respond to the court's question.  Mr. Booker has agreed |
| 11:00:13 | 2 | to let me do so.  I'm aware that there is a letter.  I |
| 11:00:16 | 3 | think I'm aware generally of the contents, but I have |
| 11:00:19 | 4 | not seen a copy. |
| 11:00:20 | 5 | THE COURT:  Do you want to see it? |
| 11:00:21 | 6 | MR. REDMOND:  Please.  May I approach? |
| 11:00:23 | 7 | THE COURT:  Please come forward. |
| 11:03:45 | 8 | MR. REDMOND:  Thank you for the time, Your |
| 11:03:47 | 9 | Honor.  I appreciate it.  Given the contents of the |
| 11:03:49 | 10 | letter, I think that my request would be that we proceed |
| 11:03:53 | 11 | ex parte with the court.  There may be a colloquy that |
| 11:03:57 | 12 | the court wants to undertake, and -- but given the -- |
| 11:04:03 | 13 | given the nature of the letter, I don't think that that |
| 11:04:06 | 14 | should be something that goes beyond ex parte. |
| 11:04:18 | 15 | THE COURT:  I'd ask you to come up then with |
| 11:04:20 | 16 | you and Mr. Booker. |
| 11:04:47 | 17 | (Proceedings held at the bench, outside the |
| 11:04:50 | 18 | hearing of open court.) |
| 11:04:50 | 19 | THE COURT:  Mr. Booker, I got this letter |
| 11:04:53 | 20 | that you had sent to the court, because you sent this to |
| 11:04:56 | 21 | the court, wanted me to read it, so I read it. |
| 11:05:00 | 22 | THE DEFENDANT:  Thank you. |
| 11:05:00 | 23 | THE COURT:  So, I understand what you put |
| 11:05:04 | 24 | on -- in here regarding primarily a lot about your |
| 11:05:08 | 25 | feelings about what's taken place up to this point |

11:05:11  1    regarding this case.

11:05:12  2                THE DEFENDANT:  Yes, sir.

11:05:13  3                THE COURT:  Now, I brought this to the

11:05:16  4    attention here in court, because as I read this, I

11:05:19  5    thought I had a sense that you may not want to plead in

11:05:27  6    regards to our plea hearing here, and the other reason I

11:05:31  7    brought it out was because there's some language in here

11:05:36  8    where it looks like you're questioning or concerned

11:05:41  9    about Mr. Redmond's representation.  So --

11:05:45  10               THE DEFENDANT:  Also, I mean, I had a letter

11:05:47  11   back there I wanted to show you.  Can I go get that?

11:05:49  12               THE COURT:  Why don't we first take this up,

11:05:51  13   and then the other letter.  But the reason why we're

11:05:54  14   bringing this out, Mr. Booker, is that you don't have to

11:05:59  15   plead guilty to any charge or charges.  I want to make

11:06:04  16   sure you understand that you have a right under the

11:06:08  17   Constitution to have a jury trial, because you don't

11:06:11  18   have to prove that you're guilty.  You don't have to

11:06:15  19   prove that you're not guilty.  The government has to

11:06:17  20   prove that you're guilty beyond a reasonable doubt, so

11:06:21  21   the burden's on the government.  You don't have to

11:06:24  22   present any evidence if you don't want to.  Government

11:06:27  23   would have to prove that you're guilty beyond a

11:06:30  24   reasonable doubt, and you have a right to a jury trial.

11:06:32  25   So, I only take pleas in this court if I am sure that

| | | |
|---|---|---|
| 11:06:38 | 1 | the person understands what the charges they're pleading |
| 11:06:40 | 2 | guilty to, the consequences that would take place based |
| 11:06:46 | 3 | on that plea, which would include imprisonment and what |
| 11:06:50 | 4 | that would mean, and then I will only take a plea if I |
| 11:06:55 | 5 | believe that the defendant is doing that of their own |
| 11:06:59 | 6 | free will, and not being forced to do something they |
| 11:07:03 | 7 | don't want to do. |
| 11:07:05 | 8 | THE DEFENDANT:  Do I have permission to |
| 11:07:08 | 9 | speak now? |
| 11:07:08 | 10 | THE COURT:  Yes. |
| 11:07:09 | 11 | THE DEFENDANT:  All right.  Well, first of |
| 11:07:10 | 12 | all, thank you for responding to my letter.  I honestly |
| 11:07:12 | 13 | didn't think you had it, I mean, 'cause I was waiting |
| 11:07:16 | 14 | for so long.  A lot of my mail hasn't been, you know, |
| 11:07:18 | 15 | sent, you know what I mean.  You know, I found out. |
| 11:07:21 | 16 | That's one of the things I wanted to talk to you. |
| 11:07:23 | 17 | That's why I was waiting for you to -- |
| 11:07:23 | 18 | (Whereupon the court reporter requested that |
| 11:07:30 | 19 | the defendant slow down his speaking.) |
| 11:07:30 | 20 | THE COURT:  We're taking record. |
| 11:07:32 | 21 | THE DEFENDANT:  I was hoping you would |
| 11:07:34 | 22 | respond to the letter before the plea deal.  That's why |
| 11:07:38 | 23 | I asked for more time 'cause I had sent that letter |
| 11:07:41 | 24 | before, or I was in the makings of it when we had our |
| 11:07:44 | 25 | last -- you know, we delayed the plea deal.  I did that |

11:07:47   1   because I was hoping you'd get that letter before it

11:07:49   2   came to this situation.  You know, now I feel like, you

11:07:52   3   know, it's crunch time, you know what I'm saying.

11:07:53   4   Everything's coming in, you know what I'm saying.  I do

11:07:55   5   want to enter a plea deal, I really do, you know what

11:07:58   6   I'm saying, but the thing is, I was trying to work out

11:08:00   7   some things, but that's why I sent that letter to you at

11:08:03   8   that time.  I sent it on the 11th of last month,

11:08:06   9   6 o'clock in the morning.  So, I was hoping, you know,

11:08:07   10   before then, you would have responded to it, but now

11:08:11   11   it's, you know, kind of like crunch time and everybody's

11:08:13   12   looking at me.

11:08:14   13            THE COURT:  You don't have to worry about

11:08:16   14   people looking at you.  You don't have to worry about

11:08:19   15   crunch time, 'cause we don't have to do anything until

11:08:21   16   you feel you're ready to do something.

11:08:23   17            THE DEFENDANT:  But I was told that if I

11:08:24   18   didn't do it today, that I would not have to be able to

11:08:27   19   still enter a plea bargain.

11:08:29   20            THE COURT:  Well, I don't know those

11:08:31   21   conversations, so I can't talk about those, but I'm just

11:08:34   22   talking for the court in regards to what I said before.

11:08:38   23   You know, I don't want to take a plea from someone who

11:08:40   24   doesn't want to plea or understand what they're doing.

11:08:43   25   So, from the court, I would say, you know, you're

| | | |
|---|---|---|
| 11:08:48 | 1 | telling me you need to talk to Mr. Redmond.  Like I |
| 11:08:50 | 2 | said, there's some references here to Mr. Redmond that I |
| 11:08:53 | 3 | don't know if he knew about, so that's something that |
| 11:08:55 | 4 | would have to be worked out between the two of you, and |
| 11:08:58 | 5 | to both of your satisfactions as well.  So, if you think |
| 11:09:03 | 6 | you need time here today to talk to him, I mean, I can |
| 11:09:08 | 7 | move this to a different part of our docket so you can |
| 11:09:10 | 8 | talk to Mr. Redmond and go over this with him, and I can |
| 11:09:13 | 9 | move this to the end, which will give you probably a |
| 11:09:15 | 10 | couple of hours.  Do you want to talk to him first or -- |
| 11:09:19 | 11 | THE DEFENDANT:  I mean, I was seeing if we |
| 11:09:21 | 12 | had a delay, 'cause that's why I sent it so early so I |
| 11:09:24 | 13 | can maybe -- at that time, I thought maybe someone else |
| 11:09:26 | 14 | can help me in my situation, you know what I'm saying, |
| 11:09:28 | 15 | and umm, you know, I mean, kind of seems like |
| 11:09:32 | 16 | everybody's crunch time, and I was hoping I'd get a |
| 11:09:34 | 17 | delay so I can figure out if there's something -- |
| 11:09:36 | 18 | another plan right now.  I'm not saying I don't want to |
| 11:09:38 | 19 | take a plea deal.  I'm saying I need some more time to |
| 11:09:41 | 20 | think about it, 'cause if you actually think about it, |
| 11:09:43 | 21 | Judge, this is a big case, and this is a high profile |
| 11:09:46 | 22 | case, and it ain't been a year yet, and I'm all ready -- |
| 11:09:49 | 23 | you know what I'm saying.  So, everybody's kind of gone |
| 11:09:51 | 24 | fast, faster than I thought it was.  I don't see like we |
| 11:09:54 | 25 | can't delay, like it was -- we was delaying stuff, and I |

11:09:58  1  just want a little bit more time.  I'm not saying I'm

11:10:01  2  not going to enter a plea deal.  I'm saying I wish -- I

11:10:05  3  need a little bit more time.

11:10:06  4         THE COURT:  What does that mean, a little

11:10:08  5  more time to you?

11:10:09  6         THE DEFENDANT:  Like maybe couple weeks.

11:10:11  7  I'm afraid, though, what I was told, I feel like I got

11:10:14  8  pressure, you know, to do things, because we're

11:10:16  9  delaying, we're delaying, we're delaying my case and

11:10:18  10  everything, you know what I'm saying.  Then when it

11:10:20  11  comes to the plea deal, if you don't take this plea deal

11:10:23  12  now, you're not going to get another chance.  That's

11:10:25  13  what I was told by my lawyer.  I don't know if that's

11:10:28  14  true or not.

11:10:28  15         THE COURT:  Well, here's what I would

11:10:30  16  suggest.  I mean, like I said, there's a couple things

11:10:32  17  in here I wanted to bring to everyone's attention, I

11:10:34  18  mean, you and Mr. Redmond, that you had made some

11:10:37  19  statements in here about whether or not you're really

11:10:41  20  wanting to plea or not, and then the other thing was

11:10:46  21  about Mr. Redmond representing you.  So, what I would do

11:10:49  22  is now that we've brought this out here in court, that

11:10:54  23  you speak to Mr. Redmond, and see if that's something

11:10:58  24  that you're going to be able to work out between you

11:11:01  25  two, and then also, if you believe you need more time,

11:11:06   1   you know, Mr. Redmond on your behalf may have to speak

11:11:08   2   to the government about their position regarding that or

11:11:11   3   not.  So --

11:11:11   4           THE DEFENDANT:  I think that would be

11:11:13   5   wonderful if we actually got to speak everything out, my

11:11:16   6   lawyer figure out would I still have a chance or will it

11:11:19   7   just be ruined after today.

11:11:21   8           THE COURT:  I think I heard you say you

11:11:23   9   wanted a couple of weeks.  So, I don't know what is

11:11:26   10   going to be actually discussed or agreed to, but that's

11:11:28   11   out there.  Anything else?

11:11:31   12           MR. REDMOND:  Umm, I think a couple things

11:11:33   13   for the record, Your Honor.  Number one, I'm quite

11:11:36   14   certain under Tenth Circuit law, there's no conflict at

11:11:39   15   all in this case.  I don't think that there's been any

11:11:42   16   communication break-down.  I think that if there is a

11:11:45   17   dispute, that it would be simply over strategy and not

11:11:49   18   how my office has interacted with Mr. Booker.  I would

11:11:53   19   also think that that problem would recur under new

11:11:56   20   counsel, and so, I think that there is no reason, and I

11:12:00   21   don't suggest the court taking up a motion to disqualify

11:12:03   22   our office at this point, but I don't think that there's

11:12:05   23   any reason for that to happen.  What I would request

11:12:08   24   permission to do is to share with the government the

11:12:12   25   portion of the ex parte status conference the court has

| | | |
|---|---|---|
| 11:12:16 | 1 | conducted that Mr. Booker's made a pro se request for |
| 11:12:20 | 2 | two additional weeks, and see what their position is on |
| 11:12:24 | 3 | that, and then we could sort of take things up back in |
| 11:12:28 | 4 | open court, if that's okay with you, Your Honor. |
| 11:12:31 | 5 | THE DEFENDANT:  May I say something?  I |
| 11:12:32 | 6 | mean, this is my position.  It's my honest position.  I |
| 11:12:36 | 7 | don't want to get rid of anybody if I don't have to, you |
| 11:12:39 | 8 | know, you know what I'm saying, but the thing is, I'm |
| 11:12:41 | 9 | saying, what my question to you is, can I get a couple |
| 11:12:44 | 10 | seconds to talk to my lawyer alone, like I mean, I'll |
| 11:12:47 | 11 | still be able to come back here, right? |
| 11:12:49 | 12 | THE COURT:  You mean up to the bench? |
| 11:12:50 | 13 | THE DEFENDANT:  No, I mean like, I'm not |
| 11:12:52 | 14 | familiar with this, you know. |
| 11:12:54 | 15 | MR. REDMOND:  This is at the bench. |
| 11:12:55 | 16 | THE DEFENDANT:  I mean, yeah, I wanted to |
| 11:12:57 | 17 | talk to my lawyer for a little bit. |
| 11:13:00 | 18 | THE COURT:  Go ahead.  Go back to your table |
| 11:13:02 | 19 | and talk to Mr. Redmond, then come back here. |
| 11:13:05 | 20 | THE DEFENDANT:  All right. |
| 11:13:06 | 21 | (Proceedings continued in open court.) |
| 11:17:43 | 22 | MR. REDMOND:  Your Honor, again, thanks for |
| 11:17:44 | 23 | the time.  We would take the court up on its request to |
| 11:17:48 | 24 | move this to the heel of the docket.  I understand |
| 11:17:51 | 25 | there's at least one other hearing, and I'll meet with |

| | | |
|---|---|---|
| 11:17:54 | 1 | Mr. Booker while the -- that hearing is proceeding. |
| 11:17:57 | 2 | THE COURT:  Mr. Booker, did you hear what |
| 11:17:58 | 3 | Mr. Redmond said? |
| 11:17:59 | 4 | THE DEFENDANT:  Yes, sir. |
| 11:18:00 | 5 | THE COURT:  At this time, we do have some |
| 11:18:01 | 6 | other hearings scheduled.  Actually, there's one, two, |
| 11:18:05 | 7 | three.  Our last one was scheduled at 12:30, so would |
| 11:18:11 | 8 | have to probably 1 o'clock and we'd be finished with |
| 11:18:13 | 9 | that one or close to that.  So, just keep the court |
| 11:18:16 | 10 | informed. |
| 11:18:16 | 11 | MR. REDMOND:  Thank you very much, Your |
| 11:18:17 | 12 | Honor. |
| 11:18:17 | 13 | THE COURT:  Court stands in recess.  Thank |
| 11:18:19 | 14 | you. |
| 11:18:20 | 15 | (Whereupon court heard the rest of the |
| 11:18:20 | 16 | docket.  Proceedings then continued as |
| 11:18:20 | 17 | follows:) |
| 12:56:34 | 18 | THE COURT:  Court calls again Case |
| 12:56:45 | 19 | Number 15-40030.  It's a case entitled United States of |
| 12:56:57 | 20 | America versus John T Booker.  Parties please enter |
| 12:57:00 | 21 | their appearance. |
| 12:57:00 | 22 | MR. MATTIVI:  Good afternoon, Your Honor. |
| 12:57:01 | 23 | Tony Mattivi and Dave Smith for the government. |
| 12:57:04 | 24 | MR. REDMOND:  The defendant personally with |
| 12:57:06 | 25 | counsel Kirk Redmond, Your Honor. |

| | | |
|---|---|---|
| 12:57:07 | 1 | THE COURT:  Mr. Booker, if you recall, |
| 12:57:09 | 2 | earlier today, the court called the case initially and |
| 12:57:11 | 3 | brought up some matters, and after those were brought |
| 12:57:14 | 4 | up, there was a request that we recess and then return |
| 12:57:20 | 5 | later on, which we were right at that point.  So, |
| 12:57:25 | 6 | Mr. Redmond, in regards to our court appearance, what is |
| 12:57:30 | 7 | defendant's position at this time? |
| 12:57:31 | 8 | MR. REDMOND:  Your Honor, we're very |
| 12:57:33 | 9 | grateful for the time that the court provided us.  We |
| 12:57:36 | 10 | were able to spend about an hour and a half together |
| 12:57:38 | 11 | talking, and we are ready to proceed with the plea. |
| 12:57:41 | 12 | THE COURT:  Is that correct, Mr. Booker? |
| 12:57:43 | 13 | THE DEFENDANT:  Yes, Your Honor.  Yes, sir. |
| 12:57:44 | 14 | THE COURT:  What I'd ask that you do, if you |
| 12:57:47 | 15 | would please, is both you and Mr. Redmond approach the |
| 12:57:49 | 16 | podium.  Mr. Booker, I've been told that you're here |
| 12:58:03 | 17 | today to change your plea from not guilty to guilty to |
| 12:58:08 | 18 | Counts 1 and 2 of the indictment which charges you in |
| 12:58:12 | 19 | Count 1 with attempted use of a weapon of mass |
| 12:58:17 | 20 | destruction, which is in violation of 18 USC |
| 12:58:22 | 21 | Section 2332 A, A 2 D, as well as Count 2, which charged |
| 12:58:30 | 22 | you with attempted destruction of government property by |
| 12:58:34 | 23 | fire or explosion, and that's in violation of 18 USC |
| 12:58:38 | 24 | Section 844 F 1.  Is that what you want to do here |
| 12:58:43 | 25 | this -- today? |

| | | |
|---|---|---|
| 12:58:44 | 1 | THE DEFENDANT:  Yes, Your Honor. |
| 12:58:45 | 2 | THE COURT:  I need to let you know that I |
| 12:58:48 | 3 | need to ask you a number of questions, and just like |
| 12:58:52 | 4 | you've done, I need for you to answer out loud with |
| 12:58:54 | 5 | whatever response you may have, if it's yes, no, |
| 12:58:58 | 6 | whatever it is you have to say, but please speak up loud |
| 12:59:00 | 7 | and clear.  At any point, if I ask you a question, if |
| 12:59:05 | 8 | before you answer, you first want to speak to |
| 12:59:07 | 9 | Mr. Redmond, your attorney, you can do so.  You just |
| 12:59:10 | 10 | need to let me know.  Also at any point, if I ask you a |
| 12:59:13 | 11 | question and you're not certain what I'm asking you, |
| 12:59:17 | 12 | then you should let me know so I can try to explain it |
| 12:59:21 | 13 | better.  Do you understand all that? |
| 12:59:22 | 14 | THE DEFENDANT:  Yes. |
| 12:59:23 | 15 | THE COURT:  The reason why I'm going to ask |
| 12:59:25 | 16 | you all these questions is that I need to be certain |
| 12:59:27 | 17 | that you understand what you're doing here today, that |
| 12:59:31 | 18 | you understand what these charges are that you're |
| 12:59:34 | 19 | pleading guilty to, the consequences that could take |
| 12:59:37 | 20 | place, and also, I need to be certain that you're doing |
| 12:59:41 | 21 | this of your own free will, that no one is forcing you |
| 12:59:45 | 22 | to do something that you don't want to do.  Do you |
| 12:59:48 | 23 | understand all that? |
| 12:59:49 | 24 | THE DEFENDANT:  Yes. |
| 12:59:49 | 25 | THE COURT:  To begin, what I'll do is swear |

12:59:51  1    you in to tell the truth.  So, I need for you to raise
12:59:54  2    your right hand.
12:59:55  3                    (Defendant sworn.)
13:00:00  4                    THE DEFENDANT:  I do.
13:00:04  5                    THE COURT:  Thank you.  You can put your
13:00:06  6    hand down please.  I need to let you know that you're
13:00:08  7    now under oath to tell the truth, and if you answer any
13:00:11  8    of the court's questions falsely, your answers may later
13:00:13  9    be used against you in another prosecution for perjury
13:00:16  10   or making a false statement.  Do you understand that?
13:00:20  11                   THE DEFENDANT:  Yes.
13:00:21  12                   THE COURT:  Would you please state your full
13:00:23  13   name?
13:00:23  14                   THE DEFENDANT:  John Thomas Booker, Junior.
13:00:26  15                   THE COURT:  Your age?
13:00:27  16                   THE DEFENDANT:  21.
13:00:28  17                   THE COURT:  The last year of school you
13:00:30  18   completed?
13:00:31  19                   THE DEFENDANT:  2012.
13:00:35  20                   THE COURT:  And was that high school or --
13:00:38  21                   THE DEFENDANT:  Yeah, high school.
13:00:41  22                   THE COURT:  In regards to the indictment,
13:00:45  23   prior to this hearing, have you seen a copy of the
13:00:47  24   indictment that was filed in your case?
13:00:49  25                   THE DEFENDANT:  Yes.

13:00:49  1          THE COURT:  And did you read for yourself

13:00:51  2  Count 1 and Count 2?

13:00:53  3          THE DEFENDANT:  Yes.

13:00:54  4          THE COURT:  And did Mr. Redmond also go over

13:00:56  5  those charges with you?

13:00:56  6          THE DEFENDANT:  Yes.

13:00:57  7          THE COURT:  Did he inform you of what those

13:00:59  8  charges were about?

13:01:00  9          THE DEFENDANT:  Yes.

13:01:01  10          THE COURT:  Did he also inform you of the

13:01:03  11  consequences that could take place by you pleading

13:01:05  12  guilty to those charges?

13:01:06  13          THE DEFENDANT:  Yes.

13:01:07  14          THE COURT:  At this time, are you requesting

13:01:10  15  that I read to you the entire charge as it's set out in

13:01:14  16  Counts 1 and 2?

13:01:15  17          THE DEFENDANT:  I mean, that doesn't really

13:01:18  18  matter.  I mean, I know what they are.

13:01:20  19          THE COURT:  Well, if you want, I can read

13:01:22  20  'em to you.

13:01:23  21          THE DEFENDANT:  I mean no, no reason to.

13:01:24  22          THE COURT:  Mr. Redmond, is it your

13:01:25  23  statement to the court that you've gone over Counts 1

13:01:28  24  and 2 with your client, that you've informed him of the

13:01:31  25  nature of those charges, as well as the consequences of

13:01:34 **1**  entering a guilty plea to those charges?

13:01:37 **2**           MR. REDMOND:  I have, Your Honor.

13:01:37 **3**           THE COURT:  Mr. Booker, at this time, how do

13:01:39 **4**  you plead to Count 1, guilty or not guilty?

13:01:42 **5**           THE DEFENDANT:  Guilty.

13:01:43 **6**           THE COURT:  And how do you plead to Count 2,

13:01:46 **7**  guilty or not guilty?

13:01:47 **8**           THE DEFENDANT:  Guilty.

13:01:47 **9**           THE COURT:  And I understand that's why

13:01:49 **10** you're here.  I would let you know, though, at this

13:01:52 **11** point in the hearing, I am going to inform you that

13:01:56 **12** under the law, you do have the right to plead not

13:01:58 **13** guilty, and if you chose to plead not guilty, then you'd

13:02:02 **14** have the following Constitutional rights apply to your

13:02:05 **15** case, and I'm going to go over those with you at this

13:02:08 **16** time.  Do you understand that if you pled not guilty,

13:02:12 **17** you'd have the right to a speedy and public trial by a

13:02:14 **18** jury?

13:02:15 **19**           THE DEFENDANT:  I do.

13:02:16 **20**           THE COURT:  And do you understand that at

13:02:18 **21** that trial, and at all stages of the proceedings, you'd

13:02:21 **22** have the right to the assistance of a lawyer?

13:02:22 **23**           THE DEFENDANT:  I do.

13:02:23 **24**           THE COURT:  And do you understand that if

13:02:25 **25** there was a trial, you'd have the right to see and hear

13:02:27  1  all witnesses that might be called to testify against

13:02:30  2  you, and that you'd have the right to cross-examine,

13:02:34  3  which means to question those witnesses?

13:02:35  4       THE DEFENDANT:  I do.

13:02:37  5       THE COURT:  And do you also understand that

13:02:40  6  if there was a trial, you'd have the right to use the

13:02:42  7  power of the court to bring forward any evidence in your

13:02:44  8  favor, including calling any witnesses that might

13:02:48  9  testify on your behalf?

13:02:49  10       THE DEFENDANT:  I do.

13:02:50  11       THE COURT:  Do you also understand that if

13:02:51  12  there was a trial, you'd have the right not to be

13:02:54  13  compelled to incriminate yourself by taking the witness

13:02:57  14  stand, and if you chose not to testify, then that fact

13:03:02  15  could not be used against you?

13:03:03  16       THE DEFENDANT:  I do.

13:03:04  17       THE COURT:  Do you also understand that at a

13:03:06  18  trial, your innocence would be presumed until such time,

13:03:10  19  if ever, the government established your guilt beyond a

13:03:15  20  reasonable doubt to the satisfaction of a judge or jury?

13:03:17  21       THE DEFENDANT:  I do.

13:03:18  22       THE COURT:  Do you also understand that if

13:03:20  23  there was a trial, you'd have the right to appeal any

13:03:22  24  errors or mistakes that took place during your trial?

13:03:26  25       THE DEFENDANT:  I do.

13:03:27    1              THE COURT:  Now, do you understand these

13:03:28    2    rights that are guaranteed to you under the law if you

13:03:31    3    wished to plead not guilty?

13:03:32    4              THE DEFENDANT:  I do.

13:03:34    5              THE COURT:  And do you understand that by

13:03:35    6    entering a plea of guilty, you'd be waiving or giving up

13:03:39    7    all of these Constitutional rights that I've just

13:03:41    8    explained to you?

13:03:42    9              THE DEFENDANT:  Yes.

13:03:43   10              THE COURT:  And do you further realize that

13:03:45   11    by entering a plea of guilty, you would be admitting all

13:03:48   12    of the facts alleged in the charges?

13:03:51   13              THE DEFENDANT:  Yes.

13:03:51   14              THE COURT:  Do you also realize you'd be

13:03:54   15    waiving your right to a trial on these charges?

13:03:56   16              THE DEFENDANT:  Yes.

13:03:57   17              THE COURT:  In fact, do you understand there

13:03:59   18    would be no trial of any kind either before a court or a

13:04:03   19    jury?

13:04:03   20              THE DEFENDANT:  I do.

13:04:04   21              THE COURT:  After going over these

13:04:06   22    Constitutional rights that you would have if you chose

13:04:08   23    to plead not guilty, at this time do you still want to

13:04:12   24    plead guilty to Counts 1 and 2?

13:04:14   25              THE DEFENDANT:  I do.

13:04:14  1       THE COURT:  I need to let you know there's

13:04:16  2  certain maximum penalties and punishments you could

13:04:19  3  receive by pleading guilty, and these are penalties the

13:04:23  4  law would impose on you.  I'm going to go over those

13:04:28  5  with you shortly.  Before I do, it's my understanding

13:04:32  6  that at a certain point in our hearing, you,

13:04:35  7  Mr. Redmond, and the government are going to tell the

13:04:37  8  court there's an 11 C 1 C plea agreement in your case.

13:04:42  9  Is that correct?

13:04:42  10      THE DEFENDANT:  Yes.

13:04:43  11      THE COURT:  And in your 11 C 1 C plea

13:04:45  12  agreement, you and the government are going to recommend

13:04:50  13  a sentence of 360 months in prison on Count 1,

13:04:57  14  240 months in prison on Count 2, with those times to run

13:05:02  15  concurrent with each other, which means at the same

13:05:06  16  time, lifetime supervised release on Count 1,

13:05:11  17  three years supervised release on Count 2, again,

13:05:15  18  concurrent with Count 1, no fine or restitution, and a

13:05:21  19  mandatory special assessment of $200.  Is that your

13:05:26  20  understanding?

13:05:26  21      THE DEFENDANT:  Yes.

13:05:27  22      THE COURT:  Now, I need to let you know

13:05:29  23  before I tell you what the law says you can be sentenced

13:05:32  24  to, that today, Mr. Booker, and not just in your case

13:05:37  25  but in every case that this court has with an 11 C 1 C

| | | |
|---|---|---|
| 13:05:41 | 1 | plea agreement, that today, the court's not able to tell |
| 13:05:44 | 2 | you whether the court will go along with that |
| 13:05:46 | 3 | recommendation, because in every case, again, not just |
| 13:05:50 | 4 | yours, but every case, the court waits until it's |
| 13:05:54 | 5 | reviewed a presentence investigation report, and that |
| 13:05:57 | 6 | hasn't been completed yet.  When it is finished, the |
| 13:06:00 | 7 | court reviews it, we set this for sentencing.  Then we |
| 13:06:03 | 8 | come back for your sentencing hearing, and at our |
| 13:06:07 | 9 | sentencing hearing, I would tell you whether or not the |
| 13:06:08 | 10 | court would go along with it.  If the court went along |
| 13:06:11 | 11 | with it, then it would sentence you to what you're going |
| 13:06:13 | 12 | to recommend.  Now, if the court does not go along with |
| 13:06:17 | 13 | it, then at that point, you would have the right to tell |
| 13:06:21 | 14 | me to either go ahead and sentence you, or you'd have |
| 13:06:25 | 15 | the right to tell me that you wanted to withdraw your |
| 13:06:28 | 16 | plea of guilty.  Do you understand that? |
| 13:06:30 | 17 | THE DEFENDANT:  I do. |
| 13:06:31 | 18 | THE COURT:  So, for purposes of our hearing |
| 13:06:33 | 19 | today at this moment, I am going to let you know that |
| 13:06:37 | 20 | the law imposes the following penalties on these |
| 13:06:40 | 21 | charges.  Do you understand that in regards to Count 1, |
| 13:06:44 | 22 | you could receive a term of imprisonment of life |
| 13:06:47 | 23 | imprisonment? |
| 13:06:49 | 24 | THE DEFENDANT:  I do. |
| 13:06:50 | 25 | THE COURT:  And following any term of |

| | | |
|---|---|---|
| 13:06:51 | 1 | imprisonment, you'd receive a term of supervised release |
| 13:06:55 | 2 | for life on Count 1? |
| 13:06:56 | 3 | THE DEFENDANT:  I do. |
| 13:06:57 | 4 | THE COURT:  And you also could receive a |
| 13:06:59 | 5 | fine of up $250,000?  Do you understand that? |
| 13:07:04 | 6 | THE DEFENDANT:  Yes. |
| 13:07:05 | 7 | THE COURT:  And in regards to Count 2, do |
| 13:07:11 | 8 | you understand that you could receive a term of |
| 13:07:12 | 9 | imprisonment of not less than five years nor more than |
| 13:07:16 | 10 | 20 years? |
| 13:07:16 | 11 | THE DEFENDANT:  I understand. |
| 13:07:17 | 12 | THE COURT:  And following any term of |
| 13:07:18 | 13 | imprisonment, for Count 2, you could receive a term of |
| 13:07:22 | 14 | supervised release for three years? |
| 13:07:25 | 15 | THE DEFENDANT:  I do. |
| 13:07:26 | 16 | THE COURT:  And you could receive a fine of |
| 13:07:28 | 17 | $250,000? |
| 13:07:31 | 18 | THE DEFENDANT:  I do. |
| 13:07:31 | 19 | THE COURT:  And in regards to both Count 1 |
| 13:07:33 | 20 | and Count 2, there would be a $100 mandatory special |
| 13:07:38 | 21 | assessment assessed for each count.  Do you understand |
| 13:07:40 | 22 | that? |
| 13:07:41 | 23 | THE DEFENDANT:  Yes. |
| 13:07:41 | 24 | THE COURT:  And in regards to that term of |
| 13:07:44 | 25 | supervised release which follows any term of |

13:07:47  1   imprisonment, do you understand that if you violated the
13:07:50  2   conditions of your supervised release, and it was
13:07:53  3   revoked or taken away from you, that you could be
13:07:56  4   imprisoned for an additional term of imprisonment?
13:07:58  5            THE DEFENDANT:  Yes.
13:07:59  6            THE COURT:  Now, do you understand that the
13:08:02  7   offenses that you're pleading guilty to are felony
13:08:05  8   offenses?
13:08:05  9            THE DEFENDANT:  Yes.
13:08:06  10           THE COURT:  And do you understand that if
13:08:08  11  your plea is accepted, you will be found guilty of those
13:08:11  12  felony offenses?
13:08:12  13           THE DEFENDANT:  Yes.
13:08:13  14           THE COURT:  And do you understand that such
13:08:14  15  a finding may deprive you of valuable civil rights such
13:08:18  16  as the right to vote, the right to hold public office,
13:08:23  17  the right to serve on a jury, and the right to possess
13:08:25  18  any kind of firearm?
13:08:27  19           THE DEFENDANT:  Yes.
13:08:28  20           THE COURT:  At the time of these offenses,
13:08:31  21  the ones you're pleading guilty to in Counts 1 and 2,
13:08:35  22  were you on probation or parole in this or any other
13:08:37  23  court?
13:08:37  24           THE DEFENDANT:  No.
13:08:39  25           THE COURT:  Now, do you understand these

| | | |
|---|---|---|
| 13:08:41 | 1 | possible penalties and punishments you could receive by |
| 13:08:44 | 2 | pleading guilty? |
| 13:08:46 | 3 | THE DEFENDANT:  Yes. |
| 13:08:46 | 4 | THE COURT:  And after having gone over them |
| 13:08:48 | 5 | with you, at this time do you still want to plead guilty |
| 13:08:50 | 6 | to Counts 1 and 2? |
| 13:08:51 | 7 | THE DEFENDANT:  Yes. |
| 13:08:52 | 8 | THE COURT:  At this time I'm going to give |
| 13:08:55 | 9 | you a brief explanation of the sentencing guidelines. |
| 13:08:58 | 10 | And these guidelines would only come into effect if the |
| 13:09:01 | 11 | court were not to go along with your 11 C 1 C plea |
| 13:09:06 | 12 | agreement recommendation.  If the court did approve the |
| 13:09:10 | 13 | plea agreement, then your sentence would be the sentence |
| 13:09:13 | 14 | that you and the government are going to recommend.  Do |
| 13:09:15 | 15 | you understand that? |
| 13:09:16 | 16 | THE DEFENDANT:  Yes. |
| 13:09:16 | 17 | THE COURT:  United States Sentencing |
| 13:09:19 | 18 | Commission has issued guidelines for judges to consider |
| 13:09:22 | 19 | in determining the appropriate sentence in a criminal |
| 13:09:24 | 20 | case.  Have you and Mr. Redmond discussed how the |
| 13:09:28 | 21 | sentencing commission guidelines might apply to your |
| 13:09:30 | 22 | case? |
| 13:09:33 | 23 | (Defendant conferring with attorney off the |
| 13:09:44 | 24 | record.) |
| 13:09:44 | 25 | THE DEFENDANT:  Yeah, he showed it to me. |

| | | |
|---|---|---|
| 13:09:46 | 1 | THE COURT:  And in regards to him showing it |
| 13:09:48 | 2 | to you, did he discuss with you how they might apply to |
| 13:09:51 | 3 | your case? |
| 13:09:51 | 4 | THE DEFENDANT:  Yes. |
| 13:09:52 | 5 | THE COURT:  And do you understand the court |
| 13:09:54 | 6 | will not be able to determine the guideline sentence |
| 13:09:57 | 7 | that might apply to your case until after a presentence |
| 13:10:00 | 8 | investigation report has been completed and you and the |
| 13:10:03 | 9 | government have had an opportunity to challenge the |
| 13:10:05 | 10 | facts reported by the probation officer?  Do you |
| 13:10:09 | 11 | understand that? |
| 13:10:09 | 12 | THE DEFENDANT:  Yes. |
| 13:10:10 | 13 | THE COURT:  And do you understand that in |
| 13:10:11 | 14 | determining your sentence, the court has an obligation |
| 13:10:15 | 15 | to calculate the applicable sentencing guideline range, |
| 13:10:19 | 16 | and to consider that range, as well as consider possible |
| 13:10:22 | 17 | departures under the sentencing guidelines, and other |
| 13:10:25 | 18 | sentencing factors under 18 USC Section 3553 A?  Do you |
| 13:10:32 | 19 | understand that? |
| 13:10:33 | 20 | THE DEFENDANT:  Yes. |
| 13:10:33 | 21 | THE COURT:  Do you understand that there's |
| 13:10:35 | 22 | no limitation on the information the court could |
| 13:10:37 | 23 | consider at the time of sentencing concerning your |
| 13:10:40 | 24 | background, character, and conduct, provided that the |
| 13:10:44 | 25 | information was reliable? |

13:10:45  1        THE DEFENDANT:  Yes.

13:10:46  2        THE COURT:  Do you also understand this

13:10:48  3   includes relevant information relating to any counts

13:10:52  4   against you to which you've not pled guilty or been

13:10:55  5   convicted, as well as all other uncharged related

13:10:58  6   criminal activity?

13:10:59  7        THE DEFENDANT:  Yes.

13:11:00  8        THE COURT:  Do you also understand under

13:11:01  9   some circumstances, you or the government may have the

13:11:04  10  right to appeal any sentence the court may impose,

13:11:08  11  subject to any waiver of appeal you may agree to in a

13:11:12  12  plea agreement?

13:11:12  13       THE DEFENDANT:  Yes.

13:11:13  14       THE COURT:  After going over this brief

13:11:15  15  explanation of the sentencing guidelines, at this time

13:11:18  16  do you still want to plead guilty to Counts 1 and 2?

13:11:21  17       THE DEFENDANT:  Yes.

13:11:21  18       THE COURT:  Is your plea of guilty the

13:11:25  19  result of a plea agreement between yourself, your

13:11:27  20  attorney, and the government?

13:11:28  21       THE DEFENDANT:  Yes.

13:11:29  22       THE COURT:  Is that correct, Mr. Redmond?

13:11:32  23       MR. REDMOND:  It is, Your Honor.

13:11:33  24       THE COURT:  What I'll do, Mr. Booker, is ask

13:11:35  25  the government's attorney at this time to say out loud

13:11:37  1  what the plea agreement is.  I need for you to listen to

13:11:40  2  what he says, because when he's finished, I'm going to

13:11:44  3  ask you some follow-up questions.  Mr. Mattivi.

13:11:46  4          MR. MATTIVI:  Your Honor, as you've all

13:11:48  5  ready correctly stated, this is a guilty plea pursuant

13:11:51  6  to Federal Rule of Criminal Procedure 11 C 1 C.  The

13:11:55  7  defendant has agreed to plead guilty to Counts 1 and 2

13:11:58  8  of the indictment, and to stipulate to the application

13:12:01  9  of Guideline Section 3 A 1.4 commonly referred to as the

13:12:07  10  terrorism enhancement.  In exchange for that guilty

13:12:11  11  plea, the parties have jointly agreed to recommend the

13:12:14  12  sentence that you again have all ready accurately set

13:12:16  13  forth into the record.  On Count 1, it's an agreed

13:12:20  14  sentence of 360 months in prison followed by a lifetime

13:12:25  15  of supervised release, no fine or restitution, and a

13:12:29  16  mandatory special assessment of $100.  On Count 2, we've

13:12:34  17  jointly agreed to recommend a sentence of 240 months in

13:12:37  18  prison concurrent with Count 1, three years of

13:12:40  19  supervised release also concurrent with the supervised

13:12:44  20  release on Count 1, no fine or restitution, and again, a

13:12:48  21  mandatory special assessment of $100 on that count as

13:12:51  22  well.

13:13:10  23          THE COURT:  Any other provisions of the plea

13:13:13  24  agreement that you want to mention for the record or --

13:13:15  25          MR. MATTIVI:  The only thing -- obviously,

13:13:17  1    they're set forth in detail in the plea agreement.
13:13:19  2    Typically, we don't go through them in detail, at least
13:13:22  3    here in the Topeka courthouse.  The only other thing I
13:13:24  4    would mention would be the waiver of appeal.  Everything
13:13:27  5    else, I think we can rely on what's in the written plea
13:13:30  6    agreement, Your Honor.
13:13:31  7            THE COURT:  Mr. Redmond.
13:13:32  8            MR. REDMOND:  That's all accurate, Your
13:13:33  9    Honor.
13:13:34  10           THE COURT:  Mr. Booker, is that your
13:13:35  11   understanding of the plea agreement?
13:13:36  12           THE DEFENDANT:  Yes.
13:13:37  13           THE COURT:  I am going to ask you about one
13:13:39  14   of the provisions in the plea agreement, and just for
13:13:42  15   the record, Mr. Booker, did you see the plea agreement?
13:13:46  16           THE DEFENDANT:  Yes.
13:13:46  17           THE COURT:  Did you read all of the
13:13:48  18   provisions yourself?
13:13:49  19           THE DEFENDANT:  Yes.
13:13:49  20           THE COURT:  And did Mr. Redmond also go over
13:13:51  21   those with you?
13:13:52  22           THE DEFENDANT:  Yes.
13:13:53  23           THE COURT:  And in regards to all of those
13:13:55  24   provisions, at this time -- after having gone over them
13:13:59  25   with Mr. Redmond, at this time, are you requesting the

13:14:02  **1**   court approve your plea agreement?

13:14:04  **2**   THE DEFENDANT:  Yes.

13:14:04  **3**   THE COURT:  One of the provisions I'm going

13:14:06  **4**   to ask you in particular is found on Page 7, I believe,

13:14:14  **5**   Page 10 -- I'm sorry, Page 7, Paragraph 10.  It's

13:14:20  **6**   entitled waiver of appeal and collateral attack, and I

13:14:24  **7**   am going to read to you the first sentence, which is,

13:14:26  **8**   defendant knowingly and voluntarily waives any right to

13:14:28  **9**   appeal or collaterally attack any matter in connection

13:14:32  **10**  with this prosecution, his conviction, or the components

13:14:35  **11**  of the sentence to be imposed herein, including the

13:14:39  **12**  length and conditions of supervised release as well as

13:14:42  **13**  any sentence imposed upon a revocation of supervised

13:14:45  **14**  release.  Then it continues on to Page 8 with other

13:14:50  **15**  information.  My question to you, Mr. Booker, is prior

13:14:53  **16**  to our hearing, did you have a chance to go over this

13:14:55  **17**  paragraph with Mr. Redmond?

13:14:57  **18**  THE DEFENDANT:  Yes.

13:14:58  **19**  THE COURT:  And after having gone over it

13:14:59  **20**  with him, at this time are you requesting the court

13:15:02  **21**  approve this paragraph as part of your plea agreement?

13:15:04  **22**  THE DEFENDANT:  Yes.

13:15:05  **23**  THE COURT:  Now, do you understand that if

13:15:08  **24**  you had wanted to, you could have had a jury trial

13:15:10  **25**  regarding Counts 1 and 2?

13:15:12    1              THE DEFENDANT:  Yes.

13:15:12    2              THE COURT:  And at the end of your trial,

13:15:14    3    you could have appealed any errors or mistakes that had

13:15:17    4    taken place?

13:15:17    5              THE DEFENDANT:  Yes.

13:15:18    6              THE COURT:  Now, do you understand that if

13:15:20    7    the court approves this paragraph, that other than the

13:15:24    8    exceptions that are set out in that paragraph, you'd be

13:15:28    9    giving up any right you might have to appeal anything

13:15:30   10    having to do with your case?

13:15:31   11              THE DEFENDANT:  Yes.

13:15:32   12              THE COURT:  Now, has anyone forced or

13:15:36   13    threatened you to have that paragraph in your plea

13:15:38   14    agreement?

13:15:38   15              THE DEFENDANT:  No.

13:15:38   16              THE COURT:  Are you telling the court you're

13:15:39   17    asking this court of your own free will to approve that

13:15:42   18    paragraph as part of your plea agreement?

13:15:44   19              THE DEFENDANT:  Yes.

13:15:44   20              THE COURT:  In the plea agreement, the

13:15:45   21    government agrees to make certain recommendations to the

13:15:47   22    court, but I want you to understand those are merely

13:15:50   23    recommendations, and that the final determinations on

13:15:53   24    any of those will be made by the court.  Do you

13:15:55   25    understand that?

13:15:57  1          THE DEFENDANT:  I'm sorry, I didn't hear

13:15:59  2  that.

13:15:59  3          THE COURT:  I'll repeat that.  In the plea

13:16:02  4  agreement, the government agrees to make certain

13:16:04  5  recommendations to the court, but I want you to

13:16:07  6  understand those are merely recommendations, and that

13:16:10  7  the final determination on any of those will be made by

13:16:13  8  the court.  Do you understand that?

13:16:15  9          THE DEFENDANT:  Yes.

13:16:16  10          THE COURT:  After going over these questions

13:16:18  11  involving your plea agreement, at this time do you still

13:16:20  12  want to plead guilty to Counts 1 and 2?

13:16:23  13          THE DEFENDANT:  Yes.

13:16:24  14          THE COURT:  Other than the plea agreement

13:16:26  15  that we've just gone over here in court, has anyone made

13:16:30  16  any sort of promise to you in order for you to enter

13:16:33  17  this plea of guilty?

13:16:33  18          THE DEFENDANT:  No.

13:16:34  19          THE COURT:  Has anyone forced or threatened

13:16:37  20  you in order for you to plead guilty?

13:16:39  21          THE DEFENDANT:  No.

13:16:39  22          THE COURT:  Are you telling the court you're

13:16:42  23  entering this plea of guilty freely and voluntarily and

13:16:45  24  of your own free will?

13:16:46  25          THE DEFENDANT:  Yes.

| | | |
|---|---|---|
| 13:16:47 | 1 | THE COURT:  And are you telling the court |
| 13:16:48 | 2 | that the reason you're entering a plea of guilty to |
| 13:16:51 | 3 | these offenses is because you are, in fact, guilty of |
| 13:16:55 | 4 | the offenses charged? |
| 13:16:56 | 5 | THE DEFENDANT:  Yes. |
| 13:16:57 | 6 | THE COURT:  Now, have you gone over with |
| 13:17:00 | 7 | Mr. Redmond a petition to enter a plea of guilty? |
| 13:17:03 | 8 | THE DEFENDANT:  Yes. |
| 13:17:04 | 9 | THE COURT:  Now, has he informed you of |
| 13:17:06 | 10 | what's contained in that petition? |
| 13:17:08 | 11 | THE DEFENDANT:  Yes. |
| 13:17:08 | 12 | THE COURT:  Has he also informed you of the |
| 13:17:09 | 13 | consequences of you signing that document? |
| 13:17:11 | 14 | THE DEFENDANT:  Yes. |
| 13:17:12 | 15 | THE COURT:  Now, do you have any questions |
| 13:17:14 | 16 | about any of the matters covered in that petition? |
| 13:17:17 | 17 | THE DEFENDANT:  No. |
| 13:17:18 | 18 | THE COURT:  And do you understand that the |
| 13:17:20 | 19 | answers you make to the questions in that petition as |
| 13:17:23 | 20 | well as the answers you've given the court today are all |
| 13:17:25 | 21 | being made under oath? |
| 13:17:27 | 22 | THE DEFENDANT:  Yes. |
| 13:17:27 | 23 | THE COURT:  Mr. Redmond, is it your |
| 13:17:29 | 24 | statement to the court that you've gone over the plea |
| 13:17:32 | 25 | petition with your client, you've informed him of the |

| | | |
|---|---|---|
| 13:17:34 | 1 | contents of the petition, as well as the consequences of |
| 13:17:37 | 2 | him signing the document? |
| 13:17:38 | 3 | MR. REDMOND:  I have, sir. |
| 13:17:39 | 4 | THE COURT:  Mr. Booker, if you've not signed |
| 13:17:41 | 5 | the petition, you may do so at this time. |
| 13:17:56 | 6 | (Defendant signing plea petition in open |
| 13:19:08 | 7 | court.) |
| 13:19:08 | 8 | MR. REDMOND:  May I approach, Your Honor? |
| 13:19:09 | 9 | THE COURT:  Yes.  Thank you.  At this time, |
| 13:19:15 | 10 | Mr. Booker, the court is going to ask the government's |
| 13:19:18 | 11 | attorney to state what the government's evidence would |
| 13:19:22 | 12 | have been if your case had gone to trial.  I need for |
| 13:19:25 | 13 | you to listen to the government's comments regarding |
| 13:19:27 | 14 | that, because when they're finished, I am going to ask |
| 13:19:31 | 15 | you some follow-up questions. |
| 13:19:32 | 16 | MR. REDMOND:  Given the length of the |
| 13:19:34 | 17 | factual basis, Your Honor, would the court be okay with |
| 13:19:36 | 18 | me asking Mr. Booker -- or voir diring Mr. Booker about |
| 13:19:38 | 19 | the contents of the factual basis? |
| 13:19:39 | 20 | THE COURT:  Mr. Mattivi, any objection? |
| 13:19:42 | 21 | MR. MATTIVI:  No, no objection to that, Your |
| 13:19:44 | 22 | Honor. |
| 13:19:44 | 23 | THE COURT:  Proceed. |
| 13:19:45 | 24 | MR. REDMOND:  Muhammad, you and I have read |
| 13:19:48 | 25 | through the contents of the Paragraph 2 in the plea |

| | | |
|---|---|---|
| 13:19:50 | 1 | agreement, is that fair? |
| 13:19:50 | 2 | THE DEFENDANT:  Yes. |
| 13:19:51 | 3 | MR. REDMOND:  And that summarizes what it is |
| 13:19:54 | 4 | that you're charged with doing, is that right? |
| 13:19:56 | 5 | THE DEFENDANT:  Yes. |
| 13:19:56 | 6 | MR. REDMOND:  And the contents of |
| 13:19:59 | 7 | Paragraph 2 which is entitled factual basis for guilty |
| 13:20:02 | 8 | plea, is that consistent with your memory of the events |
| 13:20:05 | 9 | that are described? |
| 13:20:06 | 10 | THE DEFENDANT:  Yes. |
| 13:20:07 | 11 | MR. REDMOND:  And is it consistent with the |
| 13:20:09 | 12 | discovery that you've seen in the case? |
| 13:20:11 | 13 | THE DEFENDANT:  Yes. |
| 13:20:12 | 14 | MR. REDMOND:  And is it true? |
| 13:20:13 | 15 | THE DEFENDANT:  Yes. |
| 13:20:16 | 16 | MR. REDMOND:  That's all I have, Your Honor. |
| 13:20:18 | 17 | THE COURT:  Let me just follow up with some |
| 13:20:20 | 18 | more questions, Mr. Booker.  Mr. Redmond I believe was |
| 13:20:24 | 19 | showing you your plea agreement, and in there, on |
| 13:20:28 | 20 | Page 2, Paragraph 2 is actually entitled factual basis |
| 13:20:31 | 21 | for the guilty plea, and then there's single spaced |
| 13:20:35 | 22 | paragraphs that begin on that page and continue to |
| 13:20:39 | 23 | Page 3, Page 4.  And just following up on what he asked |
| 13:20:44 | 24 | you, did you have a chance to read those paragraphs for |
| 13:20:47 | 25 | yourself? |

| | | |
|---|---|---|
| 13:20:48 | 1 | THE DEFENDANT:  Yes. |
| 13:20:49 | 2 | THE COURT:  And did Mr. Redmond also go over |
| 13:20:51 | 3 | those paragraphs with you? |
| 13:20:55 | 4 | THE DEFENDANT:  Yes.  Yeah, he did. |
| 13:21:01 | 5 | THE COURT:  And he made some reference to |
| 13:21:03 | 6 | those paragraphs when he was asking you questions, and |
| 13:21:07 | 7 | my question to you is, in regards to what's set out |
| 13:21:12 | 8 | there, in regards to what you're pleading guilty to, do |
| 13:21:16 | 9 | you agree with what those paragraphs contain in regards |
| 13:21:19 | 10 | to the evidence the government would have if there was a |
| 13:21:23 | 11 | trial and they presented this to a jury regarding these |
| 13:21:28 | 12 | charges? |
| 13:21:29 | 13 | THE DEFENDANT:  Yes. |
| 13:21:29 | 14 | THE COURT:  And in regards to that paragraph |
| 13:21:33 | 15 | and that information in the paragraph, are you admitting |
| 13:21:36 | 16 | to the court that you did, in fact, do exactly what that |
| 13:21:40 | 17 | paragraph indicates that you did that makes you believe |
| 13:21:44 | 18 | that you're guilty of Counts 1 and 2? |
| 13:21:46 | 19 | THE DEFENDANT:  Yes. |
| 13:21:46 | 20 | THE COURT:  In regards, again, to your |
| 13:21:49 | 21 | actions and conduct as they're set out in that |
| 13:21:54 | 22 | paragraph, did you understand that what you were doing |
| 13:21:56 | 23 | was in violation of the law? |
| 13:21:57 | 24 | THE DEFENDANT:  Yes. |
| 13:21:58 | 25 | THE COURT:  Now, have you received any |

| | | |
|---|---|---|
| 13:22:01 | 1 | treatment recently for any type of addiction to narcotic |
| 13:22:04 | 2 | drugs of any kind? |
| 13:22:05 | 3 | THE DEFENDANT:  No. |
| 13:22:06 | 4 | THE COURT:  Have you received any treatment |
| 13:22:08 | 5 | recently for any type of mental illness? |
| 13:22:12 | 6 | MR. REDMOND:  He has, Your Honor.  He's |
| 13:22:13 | 7 | currently on BuSpar.  He has a prior and a current |
| 13:22:18 | 8 | diagnosis for bipolar disorder.  I can represent to the |
| 13:22:21 | 9 | court on the record that I fully believe that Mr. Booker |
| 13:22:24 | 10 | is competent.  He's participated in the representation, |
| 13:22:28 | 11 | asked good questions.  I believe he's fully aware of |
| 13:22:32 | 12 | what he's doing here today. |
| 13:22:33 | 13 | THE COURT:  Mr. Booker, did you hear what |
| 13:22:36 | 14 | Mr. Redmond said? |
| 13:22:37 | 15 | THE DEFENDANT:  Yes. |
| 13:22:37 | 16 | THE COURT:  Do you agree with that? |
| 13:22:39 | 17 | THE DEFENDANT:  Yes. |
| 13:22:40 | 18 | THE COURT:  Now, has any court ever found |
| 13:22:42 | 19 | that you're not competent to understand what you're |
| 13:22:44 | 20 | doing? |
| 13:22:44 | 21 | THE DEFENDANT:  No. |
| 13:22:45 | 22 | THE COURT:  And in regards to this medicine |
| 13:22:47 | 23 | that you're taking, this prescribed medication, is it |
| 13:22:50 | 24 | prescribed by a doctor? |
| 13:22:51 | 25 | THE DEFENDANT:  Yes. |

| | | |
|---|---|---|
| 13:22:52 | 1 | THE COURT:  Are you taking it as prescribed? |
| 13:22:54 | 2 | THE DEFENDANT:  Yes. |
| 13:22:55 | 3 | THE COURT:  Now, by taking it, does it |
| 13:22:58 | 4 | interfere or prevent you from understanding what you're |
| 13:23:01 | 5 | doing here today? |
| 13:23:02 | 6 | THE DEFENDANT:  No. |
| 13:23:03 | 7 | THE COURT:  Have you, in fact, been able to |
| 13:23:05 | 8 | understand everything that's happened here today in |
| 13:23:07 | 9 | court? |
| 13:23:08 | 10 | THE DEFENDANT:  Yes. |
| 13:23:09 | 11 | THE COURT:  Have you been able to understand |
| 13:23:10 | 12 | all of the court's questions? |
| 13:23:11 | 13 | THE DEFENDANT:  Yes. |
| 13:23:12 | 14 | THE COURT:  And in regards to responding to |
| 13:23:15 | 15 | those questions, have you responded in a truthful |
| 13:23:17 | 16 | manner? |
| 13:23:18 | 17 | THE DEFENDANT:  Yes. |
| 13:23:18 | 18 | THE COURT:  And have they interfered with |
| 13:23:20 | 19 | your ability to speak to Mr. Redmond whenever you wanted |
| 13:23:23 | 20 | to today? |
| 13:23:24 | 21 | THE DEFENDANT:  No. |
| 13:23:24 | 22 | THE COURT:  Have they interfered with your |
| 13:23:27 | 23 | ability to be here of your own free will? |
| 13:23:31 | 24 | THE DEFENDANT:  No. |
| 13:23:32 | 25 | THE COURT:  I may all ready have asked this, |

13:23:41  1   maybe I didn't, but have you received any treatment

13:23:43  2   recently for any addiction to narcotic drugs of any

13:23:45  3   kind?

13:23:45  4              THE DEFENDANT:  No, no.

13:23:46  5              THE COURT:  Today, other than the prescribed

13:23:49  6   medicines that you're presently taking, are you under

13:23:52  7   the influence of any other drugs, alcohol, substance or

13:23:55  8   medication of any kind?

13:23:56  9              THE DEFENDANT:  No.

13:23:57  10             THE COURT:  Today, are you mentally aware of

13:24:00  11  what you're doing here?

13:24:01  12             THE DEFENDANT:  Yes.

13:24:01  13             THE COURT:  And as such, are you asking this

13:24:03  14  court of your own free will to accept your guilty plea?

13:24:06  15             THE DEFENDANT:  Yes.

13:24:06  16             THE COURT:  Mr. Booker, have you had a full

13:24:08  17  opportunity to speak with Mr. Redmond regarding this

13:24:10  18  charge against you?

13:24:11  19             THE DEFENDANT:  Yes.

13:24:11  20             THE COURT:  And after going over the matter

13:24:14  21  thoroughly with your attorney and learning the evidence

13:24:16  22  against you, have you decided that what you want to do

13:24:20  23  is enter a plea of guilty to this charge?

13:24:22  24             THE DEFENDANT:  Yes.

13:24:23  25             THE COURT:  Now, is the decision to enter

13:24:25  1   this plea of guilty, is that your decision or

13:24:29  2   Mr. Redmond's?

13:24:30  3              THE DEFENDANT:  Mine.

13:24:30  4              THE COURT:  Are you satisfied with the

13:24:31  5   advice and services of your attorney?

13:24:33  6              THE DEFENDANT:  Yes.

13:24:34  7              THE COURT:  Do you have any complaints about

13:24:35  8   the way he's represented you?

13:24:36  9              THE DEFENDANT:  No.

13:24:38  10             THE COURT:  Do you have any complaints about

13:24:39  11  the way the court has treated you so far?

13:24:40  12             THE DEFENDANT:  No.

13:24:41  13             THE COURT:  Mr. Redmond, as defendant's

13:24:43  14  attorney, do you know of any lawful reason why the plea

13:24:46  15  should not be accepted?

13:24:47  16             MR. REDMOND:  No, sir.

13:24:48  17             THE COURT:  If there's nothing else, the

13:24:50  18  court is satisfied and finds that defendant knowingly,

13:24:55  19  understandingly and voluntarily waives his

13:24:56  20  Constitutional rights, that he's entering his plea of

13:24:59  21  guilty freely and voluntarily, that he understands the

13:25:01  22  nature of the charges, his rights in regards to the

13:25:04  23  charges, and also the consequences of his plea.  The

13:25:09  24  court further finds that there is a factual basis for

13:25:13  25  his plea of guilty to the crime charged, that he was

13:25:16  1  mentally responsible at the time of the commission of

13:25:18  2  the offenses, that he's mentally competent at this time

13:25:21  3  to enter his plea of guilty.  Therefore, defendant's

13:25:24  4  plea of guilty to Counts 1 and 2 is accepted, and he is

13:25:30  5  found guilty of the offenses charged.  As I mentioned

13:25:34  6  before, Mr. Booker, prior to you being sentenced, a

13:25:37  7  presentence investigation report needs to be completed,

13:25:40  8  which means someone from the probation office will

13:25:43  9  contact you to set up a meeting.  If you want, you can

13:25:45  10  have Mr. Redmond present during that meeting.

13:25:49  11  Mr. Redmond will tell you that anything you say during

13:25:51  12  that meeting could have an impact on your sentence.

13:25:54  13  Once the report is finished, you'll be given a chance to

13:25:57  14  review it.  If there's anything in there that you want

13:26:00  15  to challenge and/or object to, you can.  For counsel,

13:26:03  16  once that report is available and all objections and

13:26:06  17  responses to objections have been filed, or the time

13:26:08  18  period in which to do so has expired, counsel shall

13:26:11  19  contact the court to set the case for sentencing.

13:26:16  20  Anything else from the government?

13:26:17  21          MR. MATTIVI:  Nothing further from the

13:26:18  22  government, Your Honor.  Thank you.

13:26:19  23          THE COURT:  Anything else from defendant?

13:26:21  24          MR. REDMOND:  No, Your Honor.  Thank you.

13:26:22  25          THE COURT:  If there's nothing else, this

13:26:23   1    hearing's adjourned.   Thank you.

13:26:25   2              (Whereupon, court recessed proceedings.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1
 2                    C E R T I F I C A T E
 3
 4
 5      I, Nancy Moroney Wiss, a Certified Shorthand Reporter
 6   and the regularly appointed, qualified and acting
 7   official reporter of the United States District Court
 8   for the District of Kansas, do hereby certify that as
 9   such official reporter, I was present at and reported in
10   machine shorthand the above and foregoing proceedings.
11      I further certify that the foregoing transcript,
12   consisting of 41 typewritten pages, is a full, true, and
13   correct reproduction of my shorthand notes as reflected
14   by this transcript.
15      SIGNED Juy 20, 2016.
16
17                    S/_____
18                    Nancy Moroney Wiss, CSR, CM, FCRR
19
20
21
22
23
24
25
```