## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

United States of America,

      **Plaintiff,**

v.                                                                    Case No. 15-40030-01-JWL

John T. Booker, Jr.,

      **Defendant.**

## <u>MEMORANDUM & ORDER</u>

In February 2016, defendant John T. Booker, Jr. pleaded guilty to attempted use of a weapon of mass destruction and attempted destruction of government property by fire or explosion. Pursuant to the parties' agreed sentence under Federal Rule of Criminal Procedure 11(c)(1)(C), the judge previously assigned to this case sentenced defendant to 360 months imprisonment followed by a lifetime term of supervised release.[1]

This case is now before the court on defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 98). The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a sentence if the defendant administratively

---

[1] The PSR, adopted without change by the sentencing judge, calculated a guideline imprisonment range of life. This range stemmed from a base offense level of 42 (*see* U.S.S.G. § 2M6.1) plus a 12-level increase because the offense involved terrorism (*see* U.S.S.G. § 3A1.4(a)), for an adjusted offense level of 54. The total offense level was then capped at 43 pursuant to Chapter 5, Part A, n.2 of the Guidelines. Finally, defendant was assigned a criminal history score of VI because the offense involved terrorism. *See* U.S.S.G. § 3A1.4(b).

exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id.*[2] A court may deny compassionate-release motions when any of the three prerequisites is lacking and need not address the others. *Id.* at 1043. But when a district court grants a motion for compassionate release, it must address all three steps. *Id.* As the court will explain, defendant has not come forward with extraordinary and compelling reasons sufficient to warrant a reduction in his sentence.  The court, then, denies the motion.

The Sentencing Commission's policy statement on compassionate release requires "extraordinary and compelling reasons" to warrant a sentence reduction and that the defendant not pose a danger to the public. U.S.S.G. § 1B1.13(a)–(b). The policy statement expands the list of extraordinary and compelling reasons justifying compassionate release from federal detention. U.S.S.G. § 1B.13.  Specifically, the policy statement identifies six categories of "extraordinary and compelling reasons" justifying compassionate release.  The first four categories pertain to a defendant's: (1) medical circumstances; (2) advanced age and deteriorating health in combination with the amount of time served; (3) compelling family circumstances; and (4) victimization by correctional staff while in custody. U.S.S.G. § 1B1.13(b)(1)–(4).  A fifth catch-all category exists for a "circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5).  The sixth category arises

---

[2] The government concedes that defendant has exhausted his administrative remedies.

2

if the defendant has received an usually long sentence, served at least 10 years, and a change in law produces a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion was filed, after considering the individual circumstances of the defendant. U.S.S.G. § 1B1.13(b)(6).

Defendant expressly asks the court to analyze his motion under U.S.S.G. § 1B1.13(b)(6). Defendant asserts there has been a change in the law since he was sentenced that would render his sentence grossly disparate from the one he would receive today for the same crime.  Specifically, defendant contends that, if sentenced today, he would be considered a youthful offender under Amendment 829, which amended the policy statement regarding a court's consideration of age from U.S.S.G. § 5H1.1. According to defendant, a downward departure would thus be warranted because he was under 25 years old at the time the crimes for which he was convicted were committed. For several reasons, the court rejects this argument.  First, Amendment 829 was never made retroactive, *see* U.S.S.G. § 1B1.10(d), and thus cannot be considered in connection with a motion for compassionate release. *See Fernandez v. United States*, 146 S. Ct. 1292, 1302 (2026) (non-retroactive changes in sentencing laws are not grounds for compassionate release); *Rutherford v. United States*, 146 S. Ct. 1320, 1330-31 (2026) (same).  Second, even if the court could consider non-retroactive changes in sentencing laws, U.S.S.G. § 5H1.1 is no longer in effect due to Amendment 836, which removed § 5H1.1 from the Sentencing Guidelines.  *United States v. Smith*, 177 F.4th 1166, 1169 (11th Cir. 2026).

Defendant fails to identify any other intervening change in law that would have resulted in a gross disparity in sentence had he been sentenced at the time he filed his motion for compassionate release.  He mentions his rehabilitation, but that is not sufficient, standing alone,

3

to warrant compassionate release. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d). Defendant also directs the court to two cases he seems "critical" for comparison purposes. He asserts that the defendants in *United States v. Mareo-Ventura*, NO. 1:23-cr-10271 (D. Mass. 2026) and *United States v. Nasr*, No. 1:24-cr-00019 (S.D.N.Y. 2025) were both sentenced to 5 years or less due in part to the fact that the defendants were young and thus vulnerable to persuasion by extremist narratives. Based on the limited information that the court can uncover about these cases,[3] it appears that these cases are easily distinguishable from the circumstances here. The defendant in *Nasr* was charged with attempting to provide material support to a foreign terrorist organization and was before the court for initial sentencing. *See United States v. Nasr*, No. 24 CR. 19 (AT), 2024 WL 3102178, at *1 (S.D.N.Y. June 24, 2024). The defendant in *Ventura* was charged with knowingly concealing the source of material support intended for a foreign terrorist organization and was also before the court for initial sentencing. Press Release, U.S. Att'y's Office, Dist. of Mass., *Wakefield Man Sentenced to Over Four Years in Prison for Concealing Terror Financing* (Jan. 8, 2026) https://www.justice.gov/usao-ma/pr/massachusetts-man-sentenced-knowingly-concealing-source-material-support-or-resources. In sharp contrast, defendant here pleaded guilty to attempted use of a weapon of mass destruction and is now trying to get a reduced sentence long after his initial sentencing decision. Nothing about the facts of the cases cited by defendant provides a basis for compassionate release at this stage and neither case is analogous to the one here.

---

[3] The citations above are taken directly from defendant's brief.

Because defendant has failed to establish extraordinary and compelling reasons to support a sentence reduction, the court declines to address the § 3553(a) factors. *United States v. Guzman-Aviles*, 2025 WL 615386, at *2 (10th Cir. Feb. 26, 2025) ("[H]aving found that Guzman-Aviles failed to establish extraordinary and compelling reasons for a sentence reduction, the district court was free to deny compassionate release without addressing the § 3553(a) factors.").

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 98) is denied.

**IT IS SO ORDERED.**

Dated this 30th day of July, 2026, at Kansas City, Kansas.

s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge

5